Smith, Administrator, *v.* Cheney, Administratrix.

GRANVILLE P. SMITH, Administrator, *v.* HENRIETTA CHENEY,
Administratrix.

An administrator will be entitled to the full commission of two and a half per cent on the amount of notes taken by him for property sold at the probate sale of the succession. The commission is allowed not only for the actual trouble he may have had, but for the responsibility incurred. By selling the property, attending to the execution of the instruments of sale, and obtaining solvent endorsers on the notes received, he may well be considered as having, so far, fully administered on it.

Where all the property of an estate has been retained in kind, and, after a few months' administration, delivered over to the heirs, the administrator will be entitled to a commission of two and a half per cent on the whole amount of the inventory.

The fees of counsel employed by an administrator on rendering the account of his administration, are a part of the expenses incurred, and form a correct charge against the estate; and when the account has been rendered by the administratrix of a deceased administrator, she will be entitled to claim the allowance of such fees for counsel employed by her to render the same.

APPEAL from the Probate Court for the Parish of Rapides, *Waters,* J.

MORPHY, J. The plaintiff, as the present administrator of the succession of Hampton J. Cheney, deceased, brought suit in the court below against the defendant, as administratrix of David Cheney, deceased, the former administrator of the estate of H. J. Cheney, to obtain an account of his administration. When this account was presented, two of the items charged to the estate were objected to by the plaintiff, to-wit:

1. The sum of $2,769 84, charged for the late administrator's commission on $110,793 64, at two and a half per cent.

2. The sum of $500 for counsel fees for the rendition of the account called for.

The judge below allowed a full commission on $32,380 36, which amount appeared to him to have been fully administered upon; and allowed only a half commission on $78,641 15, which sum was returned by the administratrix in notes proceeding from the probate sale of the succession of the deceased H. J. Cheney, and overruled the second objection. From this judgment, the plaintiff appealed, and the defendant has prayed in this court that it be amended so as to allow the full commission charged.

Smith, Administrator, *v.* Cheney, Administratrix.

The conclusion to which the judge below has arrived has been dictated by principles of equity, but we do not believe it sanctioned by law. In the absence of any provisions in our Code on the particular case presented to us, we are of opinion that the administrator is entitled to a full commission. By selling all the property of the estate, attending to the execution of the sales, and to the taking of solvent endorsers on the notes given by the purchasers, he might well be considered as having administered on the whole estate, so far as he had progressed with its settlement. The commission is allowed not only for the actual trouble which the administrator may have had, but also for his responsibility. Had all the property of the estate been retained in kind, and after a few months' administration, delivered over to the heirs, as is sometimes the case in vacant successions, he would have been entitled to two and a half per cent on the whole amount of the inventory, and yet the responsibility and trouble would not have been so great. He has collected a sufficient amount on the notes of the sale to pay the debts of the estate, and has had the safe keeping of the balance of the others, which are drawing interest at the rate of ten per cent per annum. If no fault has been found with his management of the estate, we think that he cannot be deprived of any part of his commission.

The second objection was correctly overruled by the probate judge. The charge is admitted to be a moderate one. Article 1063 provides that the expenses incurred by the administrator for the rendering of his account, shall be at the cost of the estate. If this item could not be objected to in an account of his administration, filed by David Cheney himself, it is not perceived how it can be an illegal charge when claimed by his administratrix in rendering an account of his administration.

It is therefore ordered that the judgment of the court of probates be amended so as to allow the defendant the item of $2769 84, charged in the account under No. 78, and that the judgment be affirmed in other respects; the costs in both courts to be paid out of the estate.

*Brent* and *Ogden*, for the plaintiff and appellant.
*Dunbar*, *Hyams*, and *Elgee*, for the defendant.