SHEARSE OLLIFFE & another *vs.* ELEAZER M. P. WELLS, executor.

Suffolk.   Nov. 26, 1878. — Jan. 12, 1881.   COLT & MORTON, JJ., absent.

A testator devised the residue of his estate to A. "to distribute the same in such manner as in his discretion shall appear best calculated to carry out wishes which I have expressed to him or may express to him;" and appointed A. his executor. *Held,* that the devisee took no beneficial interest in the devise; that the trust on its face was too indefinite to be carried out; that it could not be established against the heirs or next of kin of the testator by evidence of oral communications made to A. by the testator, whether before or after the execution of the will, showing that the trust was for charitable purposes; but that the heirs or next of kin took by way of resulting trust.

BILL IN EQUITY, filed December 11, 1877, alleging that the plaintiffs were the heirs at law and next of kin of Ellen Donovan, who died in Boston on May 23, 1877, and whose will, which was duly admitted to probate, after giving various legacies, contained the following clause: "13th. To the Rev. Eleazer M. P. Wells, all the rest and residue of my estate, to distribute

the same in such manner as in his discretion shall appear best calculated to carry out wishes which I have expressed to him or may express to him;" and nominated said Wells to be the executor.

The bill further alleged that Wells, who had been appointed executor by the Probate Court, claimed the right, after payment of the legacies, to dispose of the residue of the estate according to his own pleasure and discretion, and contended that he had received directions from Ellen Donovan as to the disposition of said residue; whereas, as the bill charged, the legacy of the residue of the estate had lapsed, and said residue should be distributed among the heirs at law and next of kin of the testatrix.

The bill prayed for a discovery, an account, an order for payment of the residue to the plaintiffs, a temporary injunction against distributing the residue of the estate, and for further relief.

The answer admitted the making of the will and the appointment of the defendant as executor; left the plaintiffs to prove whether they were the heirs at law and next of kin of the testatrix; and averred that the testatrix, before and at the time of and after the execution of the will, orally expressed and made known to the defendant her wish and intention that the rest and residue of her estate should be disposed of and distributed by the defendant, as executor of her will, for charitable purposes and uses, according to his discretion and judgment, and directed the defendant so to dispose of and distribute the said rest and residue; especially expressing to the defendant her desire that the poor, aged and infirm, and the children and others in need, and worthy of charity and assistance, under the care of or connected with Saint Stephen's Mission, of Boston, and other deserving friends and deserving poor, should be aided and assisted out of said rest and residue, if the defendant in his discretion should see fit so to do; that the defendant desired and intended, unless otherwise ordered by the court, to dispose of and distribute the said rest and residue for charitable purposes and uses, according to his discretion, and especially for the benefit of the deserving poor, aged and infirm, and the children and others in need and worthy of charity and assistance, under the care of or connected with said Saint Stephen's Mission, and other deserving friends

and deserving poor, as requested and directed by the testatrix; and that the testatrix, except by her will, gave to the defendant no written direction, wish or order as to the distribution of the residue of her estate remaining after the payment of the legacies.

The case was heard by *Colt*, J., and reserved for the consideration of the full court, on the bill and answer, and an agreement of the parties that the facts alleged in the answer should be taken as true. If these facts did not show a defence to the bill, the case was to be sent to a master, to determine whether the plaintiffs were the heirs and next of kin of the testatrix, and the amount of the residue of the estate; otherwise, the bill to be dismissed.

*L. Mason*, for the plaintiffs.

*C. Browne & A. P. Browne*, for the defendant, cited *Crook* v. *Brooking*, 2 Vern. 50, 106; *Sanford* v. *Raikes*, 1 Meriv. 646; *Smith* v. *Attersoll*, 1 Russ. 266; *Riordan* v. *Banon*, Ir. R. 10 Eq. 469; *Stubbs* v. *Sargon*, 3 Myl. & Cr. 507; *Thayer* v. *Wellington*, 9 Allen, 283; *Crosby* v. *Mason*, 32 Conn. 482; *Pritchard* v. *Hicks*, 1 Paige, 270; *Hone* v. *Van Schaick*, 7 Paige, 221.

GRAY, C. J. Upon the face of this will the residuary bequest to the defendant gives him no beneficial interest. It expressly requires him to distribute all the property bequeathed to him, giving him no discretion upon the question whether he shall or shall not distribute it, or shall or shall not carry out the intentions of the testatrix, but allowing him a discretionary authority as to the manner only in which the property shall be distributed pursuant to her intentions. The will declares a trust too indefinite to be carried out, and the next of kin of the testatrix must take by way of resulting trust, unless the facts agreed show such a trust for the benefit of others as the court can execute. *Nichols* v. *Allen, ante*, 211. No other written instrument was signed by the testatrix, and made part of the will by reference, as in *Newton* v. *Seaman's Friend Society, ante*, 91.

The decision of the case therefore depends upon the effect of the fact, stated in the defendant's answer, and admitted by the plaintiffs to be true, that the testatrix, before and at the time of and after the execution of the will, orally made known to the defendant her wish and intention that the residue should be

disposed of and distributed by him as executor of her will for charitable uses and purposes, according to his discretion and judgment, and directed him so to dispose of and distribute it, especially expressing her desire as to the objects to be preferred, all which objects, taking the whole direction together, may be assumed to be charitable in the legal sense.

In any view of the authorities it is quite clear, and is hardly denied by the defendant's counsel, that intentions not formed by the testatrix and communicated to the defendant before the making of the will could not have any effect against her next of kin. *Thayer* v. *Wellington*, 9 Allen, 283. *Johnson* v. *Ball*, 5 De Gex & Sm. 85. *Moss* v. *Cooper*, 1 Johns. & Hem. 352. But assuming, as the defendant contends, that all the directions of the testatrix set forth in the answer are to be taken as having been orally communicated to the defendant and assented to by him before the execution of the will, we are of opinion that the result must be the same.

It has been held in England and in other States, although the question has never arisen in this Commonwealth, that, if a person procures an absolute devise or bequest to himself by orally promising the testator that he will convey the property to or hold it for the benefit of third persons, and afterwards refuses to perform his promise, a trust arises out of the confidence reposed in him by the testator and of his own fraud, which a court of equity, upon clear and satisfactory proof of the facts, will enforce against him at the suit of such third persons. *Chamberlaine* v. *Chamberlaine*, 2 Freem. 34. *Reech* v. *Kennegal*, 1 Ves. Sen. 123, 125; *S. C.* Ambl. 67; 1 Wils. 227. *Stickland* v. *Aldridge*, 9 Ves. 516, 519. *Jones* v. *Badley*, L. R. 3 Ch. 362, 364. *McCormick* v. *Grogan*, L. R. 4 H. L. 82, 88, 97. *Owings's case*, 1 Bland, 370, 402. *Hoge* v. *Hoge*, 1 Watts, 163, 214–216. *Church* v. *Ruland*, 64 Penn. St. 432. *Williams* v. *Fitch*, 18 N. Y. 546. *McLellan* v. *McLean*, 2 Head, 684. *Barrell* v. *Hanrick*, 42 Ala. 60. *Hooker* v. *Axford*, 33 Mich. 453. *Dowd* v. *Tucker*, 41 Conn. 197. *Williams* v. *Vreeland*, 5 Stew. (N. J.) 135, 734. See also *Glass* v. *Hulbert*, 102 Mass. 24, 39, 40; *Campbell* v. *Brown*, 129 Mass. 23, 26.

Upon like grounds, it has been held in England that, if a testator devises or bequeaths property to his executors upon

trusts not defined in the will, but which, as he states in the will, he has communicated to them before its execution, such trusts, if for lawful purposes, may be proved by the admission of the executors, or by oral evidence, and enforced against them. *Crook* v. *Brooking*, 2 Vern. 50, 106. *Pring* v. *Pring*, 2 Vern 99. *Smith* v. *Attersoll*, 1 Russ. 266. And in two or three com paratively recent cases it has been held that such trusts may be enforced against the heirs or next of kin of the testator, as well as against the devisee. Shadwell, V. C., in *Podmore* v. *Gunning*, 5 Sim. 485, and 7 Sim. 644. Chatterton, V. C., in *Riordan* v. *Banon*, Ir. R. 10 Eq. 469. Hall, V. C., in *Fleetwood's case*, 15 Ch. D. 594. But these cases appear to us to have overlooked or disregarded a fundamental distinction.

Where a trust not declared in the will is established by a court of chancery against the devisee, it is by reason of the obligation resting upon the conscience of the devisee, and not as a valid testamentary disposition by the deceased. *Cullen* v. *Attorney General*, L. R. 1 H. L. 190. Where the bequest is outright upon its face, the setting up of a trust, while it diminishes the right of the devisee, does not impair any right of the heirs or next of kin, in any aspect of the case ; for if the trust were not set up, the whole property would go to the devisee by force of the devise ; if the trust set up is a lawful one, it enures to the benefit of the *cestuis que trust ;* and if the trust set up is unlaw ful, the heirs or next of kin take by way of resulting trust. *Boson* v. *Statham*, 1 Eden, 508 ; *S. C.* 1 Cox Ch. 16. *Russell* v. *Jackson*, 10 Hare, 204. *Wallgrave* v. *Tebbs*, 2 K. & J. 313.

Where the bequest is declared upon its face to be upon such trusts as the testator has otherwise signified to the devisee, it is equally clear that the devisee takes no beneficial interest ; and, as between him and the beneficiaries intended, there is as much ground for establishing the trust as if the bequest to him were absolute on its face. But as between the devisee and the heirs or next of kin, the case stands differently. They are not ex cluded by the will itself. The will upon its face showing that the devisee takes the legal title only and not the beneficial inter est, and the trust not being sufficiently defined by the will to take effect, the equitable interest goes, by way of resulting trust, to the heirs or next of kin, as property of the deceased, not

disposed of by his will. *Sears* v. *Hardy*, 120 Mass. 524, 541, 542. They cannot be deprived of that equitable interest, which accrues to them directly from the deceased, by any conduct of the devisee; nor by any intention of the deceased, unless signified in those forms which the law makes essential to every testamentary disposition. A trust not sufficiently declared on the face of the will cannot therefore be set up by extrinsic evidence to defeat the rights of the heirs at law or next of kin. See Lewin on Trusts (3d ed.) 75.

By the statutes of the Commonwealth, no will (with certain exceptions not material to be here stated) "shall be effectual to pass any estate, whether real or personal, nor to charge or in any way affect the same," unless signed by the testator and attested by three witnesses. Rev. Sts. *c.* 62, § 6. Gen. Sts. *c.* 92, § 6.

In *Thayer* v. *Wellington*, 9 Allen, 283, the testator by his will bequeathed to Hastings and Wellington $15,000 "in trust to appropriate the same in such manner as I may by any instrument under my hand direct and appoint," and nominated Hastings executor, and made a residuary bequest to him in trust for the benefit of certain persons named. The testator also signed a paper, dated the same day as the will, referring to it, and addressed to Hastings and Wellington, directing them to pay over the $15,000 to the city of Cambridge for the support of a public library; and they, after the death of the testator, signified in writing to the city their intention of so paying it when they should receive it from the executor. After the death of Hastings, upon a bill in equity by the administrator *de bonis non* for instructions, to which Wellington, the city, the *cestuis que trust*, and the heirs at law of the testator, were made parties, the court held that the clause in the will, the paper signed by the testator but not attested as required by the statute of wills, and the assent in writing of the trustees, gave the city no right to the fund; and that the heirs at law or next of kin would have been entitled to it, but for its being included in the residuary bequest.

It appears in the report on file, upon which that case was reserved for the determination of the full court, that an attorney at law testified that he drew up both the will and the paper at

the request of Hastings, and delivered both drafts to him; and that Wellington testified that the paper was handed to him by Hastings after the testator's death. Those facts would, according to the cases of *Crook* v. *Brooking* and *Smith* v. *Attersoll*, above cited, and which were relied on in the argument for the city of Cambridge, have been sufficient evidence of an assent by Hastings before the execution of the will, and, according to the decision of Vice Chancellor Wood in *Tee* v. *Ferris*, 2 K. & J. 357, would have entitled the city to enforce the trust against both trustees. Yet the court did not treat them as of any weight as between the surviving trustee and the city on the one hand, and the next of kin or the residuary legatees on the other, but merely observed that it did not appear at what time the paper was placed by the testator in the hands of Hastings. 9 Allen, 288. *Decree for the plaintiffs.*