## No. 1,342.

### PROSPER CRÉTIEN VS. E. W. BIENVENU, TESTAMENTARY EXECUTOR, ET AL.

1. A testamentary executor named in the will is not required to give bond, except on the demand of creditors or claimants, as provided by C. C. 1677.

2. A bond filed by such executor in absence of any law or order of court requiring it or of any demand to that effect by creditors or claimants, is a purely voluntary bond conferring no rights and creating no obligations, except such as are clearly expressed by the tenor and terms thereof.

3. Such an instrument filed without filling any of the blanks in a printed form of bond, expressing no date and no amount, naming no principal obligor and defining no principal obligation, and specifying no condition upon which the obligations of the sureties arise, imports no legal significance and if an absolute nullity.

4. A judgment of the court rendered long after its filing, in a proceeding to which a person signing the bond was not a party, declaring the bond to be good and valid and ordering blanks therein to be filled, is not binding on such party and is, as to him, inoperative and void.

5. His suit to have the bond declared a nullity and the judgment declared void and inoperative as to him, is not barred by the prescription of one year.

APPEAL from the Twenty-First District Court, Parish of St. Martin. *Mouton*, J.

*T. D. Foster* and *W. J. Burke* for Plaintiff and Appellee:

1. It is sufficient that the prayer of the petition ask that all defendants be cited. It is not necessary that they be named in the prayer. It is sufficient if documents annexed to the petition indicate clearly who they are. 32 Ann. 561; 36 Ann. 447.

2. A security may ask that an administrator's bond be declared to be of no effect; and in the same suit, in the alternative, pray that, in case the bond be held to be valid, that new security be given, under Civil Code, Arts. 1673, 3069 and 3070. They are not inconsistent pleas.

3. An executor's bond, given when it is not required by the will nor by law, nor by any order of Court, and when no application has been made by creditors of the estate, is of no binding effect against the sureties. (Hennen's Digest, p. 1023–4), No. 6; 16 L. 173, 188; 4 Ann. 373; 7 Ann. 539; 2 L. 397.

4. A bond of executor, whether given under a requirement of a will, of the law, or of an order of court or not, and which does not name the date, nor the amount, nor the name of the principal, and which all signers have signed as sureties; which mentions no trust to which any principal has been appointed, nor the capacity in which any principal binds

himself, nor for what the signers bind themselves, nor the capacity in which any principal is to receive any funds or administer a succession, nor the name of the deceased, nor for what administration they bind themselves, nor the legal conditions of such a bond, is null. (33 Ann, 421.)

The blanks in a bond of an executor, given when not required by the will or by any law or order of court, and when no application has been presented by the creditors demanding a bond, under Civil Code, 1677, cannot be filed, and the bond is of no binding force. 12 Ann. 671; 4 Ann. 545; 15 Ann. 551; 12 Ann. 68.

5. Any person interested as a security, may require an executor to furnish a new security every twelve months. C. C., 1673.

6. Under Civil Code, 1673, 3069, 3070, the failure of the executor to file his annual accounts; his selling of goods and property without authority of law, at private sale; his payment of debts without order of court, is sufficient ground on which to grant the security relief. The insolvency of the principal or of the sureties is also sufficient ground for that relief.

7. A testamentary executor is not bound to give bond, unless the will requires it, or it be required by the creditors. C. C. 1677, 1678, 1679.

8. A bond given in September, 1885, cannot be construed as having been given in reference to an order of court signed December 24th, 1886, and granted in suit filed only on December 9th, 1886.

*Edward Simon* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. Jno. F. O'Rourke died leaving a will in which E. W. Bienvenu was named executor. On August 26, 1884, the will was presented to the court and probated, and an order was entered appointing Bienvenu as testamentary executor, who duly qualified. The order did not require him to give bond nor did the law exact any bond except on the demand of creditors or claimants of specific property in the succession, and then only in a sum exceeding by one-fourth the amount of said claims. C. C. 1677. No such demand had been made in the court by any creditors or claimants.

Nevertheless, on September 14th, 1885, the following document was filed in the succession:

BOND OF TESTAMENTARY EXECUTOR.

STATE OF LOUISIANA, PARISH OF ST. MARTIN. }
Twenty-first Judicial District Court. }

*Know all men by these presents :* That we, Eugene W. Bienvenu, of the Parish of St. Martin, and Ed. Simon, Louis Condly, Prosper Chrétien and Numa Bienvenu, as sureties, are held and firmly bound unto A. V. Fournet, Clerk of the Twenty-first Judicial District Court, in and for the Parish of St. Martin, in the sum of .................. dollars;

for the payment thereof, well and truly to be made, we bind ourselves, etc., this.........day of.................188..

The condition of the above obligation is such, that, whereas, the above bounden...........................has been appointed by the Court aforesaid.....................

Now, therefore, if the said.......................................
shall well and truly fulfill the duties incumbent on him...............
.....................aforesaid, and shall account for and pay over all such sum and sums of money as shall come into his hands as..........
aforesaid, then this obligation to be void; otherwise to remain in full force and effect.

(Signed)                                                E. W. BIENVENUE,
                                                         ED. SIMON,
                                                         LOUIS CONDLY,
                                                         PROSPER CHRETIEN,
                                                         NUMA BIENVENU.
Signed in presence of
    A. V. FOURNET, Clerk.

On this is endorsed, "Received and Filed September 14th, 1885."

On December 9th, 1885, certain creditors of the succession made application in a separate petition for an order, under C. C. 1677, requiring the executor to give security in favor of each of said creditors for an amount exceeding by one-fourth the amount of each separate claim.

This application was contested by the executor on the ground that he had already furnished a sufficient bond referring to the document copied above. After hearing and trial between the petitioners and the executor, the following judgment was rendered:

"It is ordered, adjudged and decreed that the bond of said defendant, E. W. Bienvenu, furnished by him as testamentary executor of the succession of the late Jno. P. O'Rouke, for the faithful discharge of his trust as such, and by him executed on the 14th September, 1885, leaving therein blanks to be filled up in the body, the same having been previously signed and executed by said testamentary executor and his sureties, Ed. Simon, Louis Condly, Prosper Chrétien and Numa Bienvenu, be and is hereby recognized as good and valid, and that said blanks be filled up, *according to law*, in the aggregate amount of the claims set forth in plaintiffs' petition, excepting that of Mrs. Jno. P. O'Rouke, conditioned as the law directs.

"Done, read and signed in open Court, this 24th day of December, 1886.
    "[Signed]                                        J. E. MOUTON,
                                                         "Judge."

Prosper Chrétien, one of the signers of said alleged bond, brings the present suit against the executor and the creditors in whose favor the foregoing judgment was rendered, in which he alleges the absolute nullity of said bond and the nullity of the said judgment in so far as it affects him, and avers that he is injured in his business and credit by said proceedings, and asks for a judgment decreeing said bond and judgment to be nullities in so far as they purport to affect him. In the alternative he prays, on proper averments, for the relief authorized by Articles 1673, 3069 and 3070, by requiring the executor to furnish a new bond with solvent sureties.

Judgment was rendered rejecting the demand of nullity, but granting the alternative relief above-mentioned, from which both parties have appealed.

Disregarding plaintiff's allegations as to the error and deception under which his signature to the instrument was obtained, as to which the evidence is conflicting, we cannot see how such a document can stand as a valid bond imposing any obligations whatever on the signers.

As we have said, there was no order of court directing, and no law requiring the bond. Therefore, the principle which construes such instruments with reference to the order or law in pursuance of which they were made, supplying omissions and rejecting superfluities, has no application. This instrument must be treated as a purely voluntary bond, conferring no rights and creating no obligations except such as are clearly expressed by the tenor and terms thereof.

It has, indeed, been held that "one who gives his signature in blank is bound by the obligation subsequently written above it." Breedlove vs. Johnson, 2 N. S. 517.

If the executor, before filing, had filled up the blanks in the bond, perhaps this principle might apply; but here the blanks were not, and, in point of fact, have never been, filled up. The instrument stands "with all its imperfections on its head," as originally signed.

It contains no date and no amount; it names all the parties as sureties and mentions no principal obligor; it defines no principal obligation for the performance of which a principal, in any capacity, is bound, and on whose failure the sureties are to be responsible.

There is absolutely nothing defining or expressing any obligation whatever, and the instrument has no legal significance upon which any claim of obligation can rest.

Deficiencies less gross have been held to invalidate even judicial bonds. Succession of Walker, 32 Ann. 525; Rawle vs. Feltus, 33 Ann. 421; Succession of Calhoun, 35 Ann. 363.

We, therefore, consider it clear that this bond was a nullity and that plaintiff is entitled to have it so declared. He was not a party to the proceedings in which the judgment was rendered recognizing the validity of the bond, and is, in no manner, bound thereby.

As it purports to give validity to a bond to which his name is signed and to insert therein obligations which he never assumed, he is entitled to have it judicially declared that, as to him, said judgment in inoperative and void.

The judgment operates no estoppel as to him, nor is this an action of nullity to which the prescription of one year applies. It is not properly an action of nullity at all, but simply seeks a judicial declaration that the judgment is not operative as to him, who was not a party thereto.

Apart from its character as a judgment, and considered merely as an order of court in a succession proceeding, it is clearly without any warrant whatever. Where and how did plaintiff ever agree to bind himself for the particular amount of the claims of these creditors, as directed by the judge to be inserted in the bond ?

No demand for such security had been presented by them at the date of the execution or filing of the bond; if there had been, *non constat* that he would have signed. His obligation must result from the bond as filed and cannot be changed or added to by subsequent orders without his consent.

In as much as both parties appeal, and as the judgment granting alternative relief was predicated solely on the rejection of the demand of nullity, the whole judgment must now be reversed, and a proper one rendered.

It is, therefore, ordered and decreed that the judgment appealed from be annulled, avoided and reversed; and it is now adjudged and decreed that there be judgment in favor of plaintiff and against defendants declaring the instrument filed in the succession of O'Rouke on September 14, 1885, and the judgment rendered in the suit No. 8858, on December 24, 1886, to be null, void and inoperative in so far as they effect the rights and obligations of plaintiff herein ; defendants to pay costs in the lower court and the costs of this appeal.