(47 South. 698.)

No. 17,078.

BARBIN et al. v. COUVILLON.

Nov. 30, 1908.)

1. EXECUTORS AND ADMINISTRATORS (§ 495*)— EXECUTOR'S COMMISSION.

The heirs opposed the executor's final account.

The testimony shows that the executor had seisin of the property of the succession and administered the succession.

The commission is calculated on the value of the property in the inventory administered by the executor.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 495.*]

2. EXECUTORS AND ADMINISTRATORS (§ 510*)— ACCOUNTING—ATTORNEY'S FEE.

The fee of the attorney is not excessive. It is sustained by testimony of the members of the bar, by the decision of the district court, under whose observation and direction the succession was settled.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2252; Dec. Dig. § 510.*]

3. HUSBAND AND WIFE (§ 133*) — WIFE'S CLAIM—PARAPHERNAL PROPERTY.

The title to paraphernal property claimed by the widow was not proven. It consisted, if anything, of rental which fell into the community which was administered by the husband.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 133.*]

(Syllabus by the Court.)

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; Gregory Horatio Couvillon, Judge.

Opposition of Helina Barbin and others to the account of W. F. Couvillon, testamentary executor. From the judgment of homologation, the executor appeals. Amended and affirmed.

Joseph Clifton Cappel, for appellant. Peterman & Couvillon, for appellees.

BREAUX, C. J. The heirs of the late Ludger Barbin opposed the testamentary executor's account on a number of grounds.

Three of these grounds were sustained by the court.

From the judgment of homologation, the testamentary executor appeals.

The total inventory of the separate and community property amounted to $14,251.75.

There were two communities. He was twice married.

The community property of the first community amounted to $11,461.75, and the amount of the second community is $2,790.

The executor states as a witness that he took possession of and administered the succession.

It also appears of record that the heirs went into possession of a part of the estate, and it had passed into the possession of the executor.

We infer from the evidence that it was some time after the executor had charge of the affairs of the succession that the heirs went into possession of part of the property.

They gave to the executor an undated receipt for this property, in which they stated that the executor had sold sufficient of the property to pay and satisfy the debts of the succession, and that he had carried out all other clauses and provisions of the will of the de cujus, and that the estate was finally settled by the delivery of the property described in the receipt. This receipt as relates to the seisin of the executor concludes the heirs.

1. The main contention between the plaintiffs and appellees relates to the testamentary executor's commission.

The heirs, who are appellees, aver that he is not entitled to a commission on the amount of the inventory, but only on the proceeds of the sales made.

The judge of the district court reduced the executor's commission of $336.27 to $190.55. This reduction was arrived at by allowing commission on the sum of $7,622, on which he allowed 2½ per cent., equal to $190.55.

(a) Seisin:

The judge states in his opinion that the executor under the terms of the will did not have the seisin of the property in kind except that which was sold, and on which he allowed a commission, and was delivered to the heirs.

The question of seisin does not appear to have been raised on the trial in the district court. There was no question about seisin. The will was not copied in the record. What it contains in regard to seisin, if anything, is not before us. The testimony shows that he was in possession and these heirs have ac-cepted a large part of the property from the executor.

Our learned Brother of the district court states in his opinion—written by him to form the basis of the decree—that the executor did not have the seisin of the property.

We have already noted the undated receipt which the heirs gave to the executor, and in which they acknowledged delivery of the property and made reference to his administration as executor.

We have not been able to find a state of facts to sustain the conclusion of the district judge. There is affirmative testimony of administration of the property and seisin by the executor. He was authorized to act by the court of probate jurisdiction.

The property of the succession which passed from his possession to that of the heirs passed under a private agreement, and was a legal act which must be held to have recognized the executor as administering at least that much of the property.

(b) Sale:

Robouam's Heirs v. Robouam's Ex'r, 12 La. 73.

The executor was entitled to a full commission on property unsold as well as on property sold.

It has been decided by this court that in the event property retained in kind, after a few months' administration, is delivered over to the heirs, the administrator is entitled to a commission of 2½ per cent. on the whole amount of the inventory. Smith v. Cheney, 1 Rob. 98.

(c) Inventory in calculating interest:

The articles of the Code are not entirely similar, those applying in calculating the commission of the administrator, the curator, and the articles relating to the executor's commission.

As to the last, they provide a commission on the amount of the inventory if the executor had seisin. Civ. Code, art. 1683.

As to the others, there is more room for interpretation. Under our view if the property is wild land for instance, valueless, unproductive, there would be no consideration for a commission if it required no attention.

The executor would not be entitled to a commission. Here it does appear that the property had some value and was in the executor's possession.

Alleged exaggerated value of property in inventory:

If the inventory be wrong, if it had been shown that there was purpose to inflate the values, it would be different.

The heirs in effect accepted this inventory, and had the property sold on the basis of value in the inventory. They held it out as worth the amount at which it was appraised. They cannot now be heard without proof to urge that it should not be taken as the basis in fixing the commission.

2. (c) Counsel fee:

The objection on the part of the heirs is that it is excessive.

The attorney claimed on the account $400. This was reduced by the district judge to $380.

We can conceive of no good reason for changing this amount. It is sustained by the evidence, and has no appearance of being an excessive charge.

Application is made by the heirs to the fee of $250, an inconsiderable difference.

The succession was properly administered. We judge that every detail of the succession received needful attention. On that view we concluded to permit it to remain as it is and not to reduce the fee.

3. Promissory note of Widow Barbin:

The amount of this note is $260.

The amount of the consideration is not shown with any degree of certainty, nor is it proven that she brought the property claimed in marriage in her own right. She testified that she had received the amount, but failed to inform the court how it was that she had

it as her paraphernal property, or from whom she received it. She testified, it is true, that this note represents rent collected by deceased from her property which she inherited, except $20 for a colt which she had sold her husband.

The reported sale between husband and wife as to seriousness and binding effect is about on a level with the claim on the ground that the other paraphernal property was for rent of separate property.

Besides, under the provisions of law, such rental falls into the community, particularly in view of the testimony in the pending case.

Returning to the commission of the executor only to fix the amount, we are of opinion that it should be increased to $304.-55, and it therefore remains as placed at the amount of $304.55.

The judgment is amended by increasing the executor's commission to the amount of $304.55, and, as thus amended, the judgment is affirmed.