NICHOLLS, J.
Frederick O. Bertrand died in Virginia in the early part of January, 1907, leaving a widow and three minor children. He left an olographic will, dated April 4, 1907, in which he appointed the Hibernia Bank & Trust Company, of New Orleans, his testamentary executor, with seisin and without bond.
The will was on application of that bank probated, and the bank qualified as testamentary executor under it. As such it proceeded to administer the succession.
An inventory of the succession was made on the 29th of April, 1907. On the 15th of July, 1907, the executor filed his final account of administration, praying that the same be advertised, approved, and homologated, and the funds distributed in accordance therewith.
On December 31, 1907, the judge of division C of the court rendered a judgment approving and homologating the final account, in which judgment it was recited that it had been advertised according to law, that no opposition had been filed thereto, that the legal delays had expired, and that due proof had been made of its correctness.
On February 25, 1908, letters of tutorship to her minor children were issued by the civil district court to Mrs. M. D. Bertrand. On April 13, 1908, the executor filed a petition, praying for its discharge as executor, reciting that its administration had closed, its final account of executorship had been approved and homologated, and the funds distributed in accordance therewith; that it had rendered an account of its proceedings to the widow in community and usufructuary ; that there was no necessity for further administration; that it exhibited vouchers in support of the payments made by it, together with receipts of the tutrix of the property which it had handled as executor.
On reading the petition the court appointed E. P. Andree to be appointed and sworn as an expert to examine the account and vouchers referred to, and to report thereon. The expert was sworn, and made his report to the court that he had examined the final account and the vouchers exhibited; that, with the receipt for the remaining assets delivered over to Mrs. M. D. Bertrand individually and as tutrix, he found the executor had completed its trust and complied with all the requirements of the law.
Thereupon the executor was, by judgment of the court, signed on the 14th of April, 1908, discharged as such and relieved from all further liability and responsibility.
On June 26, 1908, Mrs. Minnie Drury, Widow of F. O. Bertrand, appeared in court, individually, as legatee under the will of the deceased, and as tutrix of her minor children, and, suggesting that in her several capacities she was aggrieved by the judgment rendered and signed on the 31st day of December, 1907, homologating the final accounts of the Hibernia Bank & Trust Company, and ordering the distribution of the funds accordingly, and that the said judgment was contrary to the law and the evidence, and that she desired to appeal devolutively therefrom, prayed for and obtained an order for *787 a devolutive appeal from the same, returnable on the first Monday of October, 1908.
That appeal is now before us.
On October 14, 1908, appellant filed in this court an assignment of errors, in which she averred that:
“There were errors of law appearing on the face of the record, as a result of which the judgments of the lower court, of date December 31, 1907, homologating the final account of the executor, and of April 14, 1908, discharging said executor, are contrary to the law and the evidence, which errors appellant assigned as follows, to wit:
“First. That the court erred in approving the item of $1,311.35 credited on the final account of the said executor as its commissions, because the said credit oí $1,311.35 is 2% per cent, of the sum of $52,454, the total amount of the inventoried value of the property belonging to the community of acquets and gains which existed between decedent and appellant, while the said commission of 2% per cent, should have been calculated only after deducting from said $52,454, appellant’s community interest therein- and further deducting the inventoried value of certain securities which the record shows were pledged to secure a debt due to Stanton & Littlefield, and which securities were never within the possession of seisin of said executor.
“Second. That the court erred in discharging the said executor and in approving said final account, because the record shows that the sum of $7,535.70 cash, which was received by it as executor, was not deposited in one of the chartered banks of this state, or in one of their branches, allowing interest on deposits; and the court further erred in not having condemned the said executor to pay to the use of the estate 20 per cent, interest per annum on the said amount not deposited as aforesaid.
“In view of the premises, appellant in her aforesaid capacities prays that the said judgments of December 31, 1907, and April 14, 1908, may be annulled and reversed, and that judgment be entered in favor of said appellant in her said capacities, and against the said Ilibernia Bank & Trust Company, condemning it to pay to petitioner in her said capacities:
“First, the sum of $055.77, being the overcharge of commissions on appellant’s undivided one-half of said community property;
“Second, the sum of $178.75, being the overcharge of commissions on the inventoried value of stocks pledged to Stanton & Littlefield and not in the possession of seisin of the executor; and,
“Third, interest at the rate of 20 per cent, per annum on the sum of $7,535, from April 29, 1907, until paid, and for all costs and general and equitable relief.”
On February 15, 1909, the appellee answered the appeal, in which answer it averred :
“That the final account herein filed was filed with the consent, knowledge, approbation, and approval of the appellant; that at her request and suggestion the homologation thereof was postponed for nearly six months ; and that thereafter same was with her consent, knowledge, and approval homologated, and the funds ordered distributed, and were distributed accordingly.
“Further answering said appeal, appellee says that thereafter said appellant, notwithstanding, became dissatisfied with some of the charges upon said account, and was represented by counsel, and a full, complete, and final settlement and compromise was made between this appellee and said appellant, in full, complete, and final satisfaction of any and all issues and disagreements growing out of the gestión of your appeárer. That said matters do not appear of record in the transcript, because subsequent to the date of said final account.
“In view of the premises appellee prays that the judgment herein rendered, appealed from, may be affirmed, or, in the alternativo, that this case may be remanded, in order that this court may be advised of the facts leading up to said compromise aforesaid; and it prays for general relief.”
This case appears before us on a devolutive appeal taken from the judgment of the district court, signed on December 31, 1907, homologating the final account rendered by the executor of F. O. Bertrand of its administration of that succession, and decreeing the distribution of the funds in accordance therewith.
That account was homologated, and the distribution of the funds decreed, after it had been advertised for the time required by law after the delays for opposition had expired and no opposition had been filed. After the homologation of the account the executor was discharged and released from all further responsibility in the premises. This appeal has been taken by the widow of F. O. Bertrand, appearing as widow in community, as legatee under the will of her husband, and as natural tutrix of their minor children. •
Appellee claims that since the homologation of its account it has delivered all of the property of the succession to appellant in her several capacities and that it holds her receipt for the same. It denies the right of the appellant to proceed as she is presently
*789 doing, and prays that the judgment appealed from be affirmed, as the matters which she is seeking to have passed on are closed by the homologation of the final account, the subsequent delivery of the property to her under that, the judgment, and by its discharge as executor. In the event the court should hold that the matters which appellant seeks to have litigated are not closed by the judgment of homologation, it prays contingently that the cause be remanded. We think the best course to pursue is, under the circumstances, to see what the issues are which appellant seeks to have us pass upon.
The first matter to which we direct our attention is the will of the deceased. In it Bertrand declares that all of the property of which he dies possessed belonged to the community between himself and his wife; that she was therefore entitled as widow in community to one-half of everything which he possessed; that he bequeathed to her, in addition thereto, the usufruct of his share of the community. He further bequeathed to her all the disposable portion of his estate, instituting her universal legatee. He named and appointed the Hibernia Bank & Trust Company as his testamentary executor, with seisin and without bond.
The right of Bertrand to have made that will and to have appointed a testamentary executor with seisin is not denied.
It was not only the right, but the duty, of the executor to have himself placed in possession of the property of the succession for the purpose of executing the trust in the interest of all parties concerned. For the purpose of the administration of the succession, its entire property passed under the executor. Whatever rights the wife might have under the régime of the community were to be found, at the death of the husband, already inside of the husband’s succession, and to be taken out therefrom only after full settlement. The wife’s rights were residuary in character. The death of the husband simply marked a date from which they are to take definite shape for the purpose of final ascertainment and liquidation. Until settlement her ownership is not absolute, but contingent, though when it is ascertained and fixed it relates back, as to its origin, to the date of the opening of her husband’s succession. It has passed beyond the point of legal discussion that the wife’s interest in the community passed at once under the administration of the administrator or executor of the husband’s succession (Succession of McLean, 12 La. Ann. 222, repeatedly affirmed since), and that it is to be regarded, quoad its “administration,” as his property. The commissions of the administrator or executor on the community property are fixed from that standpoint to the full extent of that property. Millaudon v. Cajus, 9 La. 307; McCan, Succession of, 49 La. Ann. 974, 22 South. 225; Succession of Pierce, 119 La. 727, 44 South. 446; Barbin v. Couvillon, 122 La. 407, 47 South. 699. His services are rendered for the benefit of all parties concerned in that property, and are to be paid for by all parties who may be interested therein.
The contention of the appellant that as widow in community her rights and her obligations therein became detached immediately on the death of her husband from his rights and obligations in respect to that community, so as to form the subject-matter of separate and independent legal action, are untenable. The claim of appellant that executor should be charged with 30 per cent, interest per annum because, as she asserts, the sum of $7,534 cash was received by him and he had not deposited the same in one of the chartered banks of the state allowing interest on deposits, is based upon a statute exceedingly severe in character. The claim should have been advanced in the district court and supported by affirmative evidence, and not raised for the first time on *791 appeal and to be disposed of on the strength of mere presuinptions. Were this court to pass on this claim as presented, we would pronounce judgment to that extent against the executor without giving a hearing.
The questions upon which we have expressed an opinion are matters of law which it would serve no good purpose to send hack to the district court to have passed upon, even were the issues in respect to them still open. We think it is to the interest of all parties that this litigation should be closed. The record shows that the executor has been discharged by judgment of court; the judgment reciting that the property of the succession had been delivered to the appellant.
For reasons assigned, the judgment appealed from is affirmed.