## No. 11,889.

### FRAZIER *v.* FRAZIER.

Decided December 27, 1927. Rehearing denied January 23, 1928.

Will contest. Probate refused.

### *Reversed.*

1. WILLS—*Widow—Consent.* Where a widow alleges that her consent to the probate of her husband's will was procured by misrepresentations and that question is determined in her favor, the point can not stand against her when she contests the will.

2. EXECUTORS AND ADMINISTRATORS—*Words and Phrases.* The words "custodian and administrator" in a will, construed to mean executor.

3. WILLS—*Validity.* Testatmentary capacity, sufficient attestation, and a valid bequest being shown, a refusal to probate a will held error, regardless of whether a testamentary trust therein was valid or not.

4. *Bequest—Distribution Before Probate.* Although the executor should have awaited probate of a will before delivery of a bequest thereunder, it is held that such delivery was inconsequential, the will as to the bequest being valid.

5. *Trust—Oral Instructions.* Attempted creation of a trust by will held invalid as depending on oral instructions for its execution, since such instructions given before or after the execution of a will are in violation of C. L. § 5187 requiring wills to be in writing.

6. *Remainder—Oral Instructions.* Where a will is void as to disposition of the remainder under oral instructions, such remainder passed to the heirs.

*On Rehearing.*

7.    *Testamentary Trust.* Testamentary trust held invalid because it fails to identify the beneficiaries.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. F. W. SANBORN, Mr. HERBERT M. MUNROE, Mr. ELMER D. GWIN, Mr. JOHN T. WEISZ, for plaintiff in error.

Miss MARY F. LATHROP, for defendant in error.

*En Banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

ON the caveat of the widow, defendant in error, the county court, and, on appeal, the district court, refused probate of the will of Joseph L. Frazier. William H. Frazier, his brother and proponent of the will, brings error.

It is claimed that the widow could not contest because she had consented in writing to the probate. Before probate, however, she protested and alleged that she signed the consent under misrepresentation by plaintiff in error. The issue upon traverse of this allegation was found in her favor, so this point cannot stand against her.

She claims that the will is invalid and that she is therefore entitled to the whole estate, since there are no children; the question then is whether the will is valid. It is as follows:

Dec. 9th, 1926.

Last Will and Testament of J. L. Frazier.

Know all men by these presents, that I, J. L. Frazier, being at this time in sound mind do desire and will that my estate at my death be handled and disbursed in the

following manner and I here and now pray and petition the Hon. County Court to so decree:

First, At my death my brother W. H. Frazier shall be appointed custodian and administrator without bond to handle all the estate. · My wife is to be given a sufficient amount each month for her needs and to provide for her comfort and care during her lifetime. This amount is to be decided solely by my brother above mentioned. If said brother should die before my wife, then S. D. Draper will act in the same capacity and under same conditions. At my wife's death it is my desire that all of my remaining estate be divided among my close friends during life. These friends are known to both my brother and Mr. Draper and they are to exercise their judgment as to the needs of said friends and to distribute the estate as their best judgment dictates. All my just debts are to be first paid.

My shot gun and hunting outfit is to be given to W. A. Wicker as a remembrance of the good times we have had together.

Any other personal effects will be handled as brother and Mr. Draper see fit.

Signed by me this 12/9/26.          J. L. Frazier.

Witness

Everett W. Brown

Willis A. Jackson.

The words "custodian and administrator" must be construed "executor." The court found the testamentary capacity of the testator and the sufficient attestation of the proposed instrument and it is rightly agreed by the parties that, except the bequest of the gun and hunting outfit, the testator intended to create a trust. We will call it a trust.

As to the appointment of an executor and as to said bequest the instrument is a valid will whether the trust is valid or not. The refusal of probate was therefore an error. The defendant in error notes that the bequest was delivered to the legatee before the hearing in the

county court, but that seems to us inconsequential. The effect of the judgment is that the executor and legatee in delivering and receiving the bequest did wrong, but, except that they should have awaited probate, they did right and are entitled to the protection of a judgment to that effect.

The serious question is as to the trust. We think it is invalid for the reason that it violates the statute of wills. C. L. sec. 5187, requires wills to be in writing and the weight of authority is that oral instructions, whether given before or after the execution of the will, are in violation of that requirement. *Olliffe v. Wells,* 130 Mass. 221; *Atwood v. R. I. Hospital Trust Co.* 275 Fed. 513, 520, et seq., 24 A. L. R. 156, and cases there cited.

Whether the trust would be invalid for mere uncertainty we do not decide. Whether a legacy in trust to distribute among such friends of the testator as the trustee might choose would be valid we do not say, but that case would not be the case before us. Whether if the trustee had promised the testator to distribute according to oral instructions that promise could be enforced in equity, we do not say, but that case is not before us. See *Olliffe v. Wells, supra,* p. 224. What we do say is that the trust expressed in the will before us is invalid because its expression is partly oral and so does not conform to the statute of wills. The result is that as to all the estate except the legacy of the gun, etc., the testator died intestate and it belongs to the heirs, i. e. the widow. *Thomas v. Anderson,* 245 Fed. 642. Under the theory of some of the cases the trustee would take the title with a resulting trust for the heirs (*Olliffe v. Wells, supra,* p. 225); in this case, however, there is no title but merely a naked power that is conferred upon the executor.

On account of the bequest of the gun, the case must be reversed with directions to admit the will to probate, after which the estate will be administered as intestate estate in accordance with this opinion. The administra-

tion of the gun, etc., and of any other part of the estate that may already have been accomplished in accordance herewith, may be confirmed.

Judgment reversed.

## On Rehearing.

The plaintiff in error seeks to distinguish *Olliffe v. Wells,* cited in the opinion, and claims that the ground of the decision in that case was that the testatrix so left her property that the trust could not be enforced if the trustee should die, and claims that the language of the court in that case in regard to oral directions given before the execution of the will is not a statement of a rule of law but only of the condition or situation of the then present case. We think, however, that the decision of the case rests on the legal proposition, stated by the court, that the testamentary trust was invalid if it depended on oral directions by testatrix whether given before or after the execution of the will; but if a trust is invalid when the beneficiaries cannot be ascertained after the trustee's death, we think that the present trust is invalid. The will points out no way to identify the beneficiaries except the knowledge of W. H. Frazier and S. D. Draper. If they were dead or beyond jurisdiction, or refused to execute it, the trust could not be enforced.

Rehearing denied.