## Succession of RASSAT et ux.

No. 15082.

Court of Appeal of Louisiana. Orleans.

Nov. 14, 1934.

Wortham & Bourgeois, of Convent, for appellant.

WESTERFIELD, Judge.

Jean Rassat died in the parish of St. James on May 21, 1934. He left an olographic will written in the French language, reading as follows:

"Le 4 de Mai 1934

"Issi Mois Testament

"Ecri de Ma Mean par Jean Rassat lui Meme.

"Je donne Garnette Rassat 2 Milles Dollar.

"Et je nomme Louis G. Rassat Administatou de Moi bien apre Ma Mort.

"Jean Rassat."

On the petition of Louis G. Rassat, the will was ordered probated and the following order entered:

"Let the petitioner herein, Louis G. Rassat, be and he is hereby confirmed as testamentary executor of the deceased, Jean Rassat, and let letters testamentary issue to him upon his taking the required oath and furnishing the bond required by law; and let an inventory of the property left by the deceased be taken by Louis S. Bourgeois, Notary Public in this parish, assisted by Louis Roussel and G. L. Bourgeois, appraisers, in accordance with law.

"And let said Louis G. Rassat be and he is hereby appointed administrator of the property left by Jean Rassat, deceased, upon his taking the oath and furnishing the bond required by law."

Louis G. Rassat took the oath as executor and administrator and presented a bond in favor of the clerk of the Twenty-third judicial district court, with the names of Lionel Bourgeois and C. Roussel as sureties. Roger R. Rome, the clerk of the Twenty-third judicial district court in and for the parish of St. James, declined to accept the bond, or to issue letters testamentary, indorsing on the margin of the bond the words, "Not accepted, on account of surety."

Whereupon Louis G. Rassat caused a rule to issue against the clerk, in which it was set up that no bond was required because the term "administrator," as used in the will, must be construed as meaning "executor," and that since, under article 1677 of the Civil Code, a testamentary executor is not required to give security except where there are debts due by the succession, or there is property in the possession of the succession which is claimed by other persons, a condition which does not obtain here, Rassat, plaintiff in rule, was entitled to qualify as executor without bond. The rule concludes with a prayer that Roger R. Rome, clerk of court, be ordered to show cause why letters testamentary should not issue to plaintiff, without the requirement of security.

Judgment was rendered on the rule on August 22, 1934, in favor of Roger R. Rome, clerk, and against Louis G. Rassat. From this judgment, Rassat has appealed.

The question presented for our consideration is whether Louis G. Rassat has been appointed executor of the succession and is entitled to qualify as such without bond. It is conceded that there are no debts and no property in the possession of the succession claimed by other persons.

In the first place we observe that a testator is without any authority to appoint an administrator. The law reposes that authority in the judge of the court of probate in which the mortuary proceedings are instituted. R. C. C., art. 1041. In saying "I appoint Louis G. Rassat administrator of my estate after my death," Jean Rassat either

designated Louis G. Rassat as his executor, or his words are without any effect, because he could not appoint him administrator. Therefore, unless the use of the word "administrator" renders invalid the nomination of Louis G. Rassat as executor, he is entitled to discharge the functions of that office subject only to such qualifications and obligations as the law imposes upon testamentary executors. Otherwise a dative testamentary executor must be appointed to administer the succession according to the provisions of R. C. C., art. 1679.

R. C. C., art. 1677, in part reads as follows:

"The testamentary executor is not bound to accept the executorship, nor to give security when he does accept it, unless there should be debts due by the succession, or property in possession thereof, claimed by other persons."

■ If Louis G. Rassat is a testamentary executor, he is not required to give bond, because there are no debts due by the succession and no property in possession thereof claimed by other persons. Chretien v. Bienvenu, 41 La. Ann. 728, 6 So. 553.

In Succession of Lefort, 139 La. 51, 71 So. 215, 216, Ann. Cas. 1917E, 769, Caroline Lefort, a testatrix, left two wills, in one of which she bequeathed "to the priest of this church the sum of two thousand dollars and appoint him executor of this will, without bond." In the other she declared: "I appoint the pastor of this church administrator, without bond." The question before the court there was whether the will was intended to appoint the priest of the church at the time the will was executed, or the one who occupied that office at the time of the death of decedent. The question of the meaning of the word "administrator" was not raised, but inferentially regarded as equivalent to "executor" by all parties to the litigation, including the court, which, on page 74 of 139 La., 71 So. 215, 223, says:

"In both wills the testatrix appoints the pastor or priest of the Church of Franklin executor, without naming him."

We know of no other Louisiana authority in point and none has been cited to us, but in Corpus Juris, vol. 23, verbo "Executors and Administrators," at page 1021, it is said:

"It is not necessary to the designation of an executor that the word 'executor' should be used, but any words which substantially confer upon a person, whether expressly or by implication, the rights, powers, and duties of an executor, amount to a due appointment under the will; and the person thus clothed with the essential functions of the office is said to be an executor under the will according to the tenor."

And, in a footnote (a) on the same page:

"A will asking that the court appoint a certain person 'administrator' of the testator's estate warrants the issuance of letters testamentary to such person. Sauer v. Taylor, 184 Ky. 609, 212 S. W. 583."

In Frazier v. Frazier, 83 Colo. 188, 263 P. 413, it was held:

"The words 'custodian and administrator' in will directing appointment of named person as such must be construed to mean 'executor.' "

■ In our opinion Jean Rassat intended to and did legally designate Louis G. Rassat as his testamentary executor, and, under the law, letters testamentary should issue to him without the requirement of giving security.

■ The fact that in this succession there is included the succession of Noemie LeBoeuf, predeceased wife of Jean Rassat, does not affect the situation, because when the wife's succession consists only of community property, it is administered by and the rights of her heirs settled in her husband's succession. Fontenot v. Fontenot, 157 La. 511, 516, 102 So. 590; Simpson v. Bulkley, 140 La. 590, 73 So. 691, L. R. A. 1917C, 494; Succession of Bertrand, 123 La. 784, 49 So. 524.

Our conclusion is that the judgment appealed from is erroneous. Consequently, and for the reasons herein assigned, the judgment appealed from is reversed and the rule herein taken by Louis G. Rassat is maintained and made absolute, and it is now ordered that Roger R. Rome, clerk of the Twenty-third judicial district court for the parish of St. James, be and he is instructed to issue herein letters testamentary to Louis G. Rassat, as executor of the succession of Jean Rassat, without the requirement of furnishing bond.

Reversed.