Succession of Alexander Milne.

## SUCCESSION OF ALEXANDER MILNE.

The commission allowed to an executor, is for his trouble and care of the estate. Where, besides taking such care and trouble, he is obliged to disburse money in attending to its affairs, he is entitled to be reimbursed out of the estate.

The commission of two and a half per cent on the whole amount of the inventory, subject to a deduction for what is not productive, or due by insolvent debtors; allowed to an executor by art. 1676 of the Civil Code, is for the administration of the whole estate; where a part only has been administered, he is only entitled to a commission on such part. Where the estate has been administered by successive executors, each is entitled to the commission on so much as was administered by him.

APPEAL from the Court of Probates of New Orleans, *Bermu-dez*, J.

MARTIN, J. The Society for the Relief of Destitute Orphan Boys, is appellant from a judgment overruling its opposition to several items in the account presented by a dative executor, appointed on the removal of the original testamentary executors.

The first item opposed is a sum of $50 50, for rail road tickets, to enable the executor to ride from the city to the lake for one year. The appellants' counsel contends that the law allows the executor an ample *compensation* for the services required at his hands, and that such items are to be paid for out of his commission. The commission of the executor is expressly allowed for his trouble and care. If besides bestowing his trouble and care on the affairs of the estate, he is obliged to disburse his money, the reimbursement should not be refused, on the ground that he has taken the legal compensation allowed *expressly for his trouble and care.* The sum appears, at first, large. The claim is one of those which, from their nature, cannot be required to be minutely proved by vouchers or witnesses. It supposes sixty seven trips to have been made during the year, and the affairs of the estate do not seem to have demanded such repeated excursions; nevertheless, as in comparison to the value of the estate, the sum is perhaps trifling, we have felt no disposition to disturb the judgment in this respect.

The second opposition is to a charge of two thousand dollars for counsel's fees, which is supported by the testimony of two respectable members of the bar, and we cannot say that it was *improperly* allowed.

The next opposition is to a charge for office rent. Although one witness has testified to the necessity of the expenditure, we think it was improperly allowed. There is hardly any estate, in the settlement of which a charge might not be made for the room in which the executor receives the persons having claims on the estate, or those on whom the estate has demands, the presses in which he keeps the vouchers, books, etc., of the estate. The testimony shows that the original executors, 'had provided a chest which they thought was wanted for this purpose.

The last item opposed, is that of $20,908, charged by the dative executor for his commission on the whole amount of the property inventoried. It is true, that the Code of Louisiana, art. 1676, allows to the executor a commission of two and a half per cent on the whole amount of the estimate of the inventory, making a deduction for what is not productive, and for what is due by insolvent debtors. This commission is the compensation which the executor is entitled to, for administering the whole estate; he cannot therefore begin his administration by pocketing it, for if he be prevented, by death or otherwise, from proceeding and completing his administration, it would be absurd to say that he is entitled to the same compensation as if he had completed his work. Nor can it be pretended that on every mutation of the executorship, the preceding and succeeding incumbents are each entitled to a commission on the whole estate. The compensation due to each incumbent, is to be reckoned on the portion of the estate which he administers. The court therefore erred in allowing to the dative executor a full commission on the whole amount of the estate, and the item now under examination ought to be restrained to that portion of the estate which he administered, from his appointment to the rendering of his account. The different sums which he acknowledges to have received, constitute an aggregate amount of $45,340 13. He applied to the payment of a legacy to the town of Fochabers, notes due to the estate amounting to $72,770 84; these two sums make $118,110 97, which is the amount of the estate actually administered by him; for the remainder of the estate, still in his hands, is not yet administered, and no commission is due thereon. That which will accrue hereafter, will be due to the present dative executor, if he completes the administration, and if he does not, to the person

who may do it.  The Court of Probates, in our opinion, erred, in overruling entirely the opposition of the appellants, and not reducing the appellee's claim to commissions to $2952 77, being two and a half per cent on $118,110 97.

The view which we have taken of the present controversy, renders it unnecessary to enquire now into the meaning of the legislator, in regard to that portion of an estate, on which no commission is to be allowed, because it is not productive.

It is therefore ordered that the judgment be reversed, and that the items Nos. 13 and 14 in the account of the dative executor, the first of $231 62 for office rent, the second of $20,908 for commissions, be stricken out, and, that for the latter be substituted, one for commission to the dative executor, from his appointment to the rendering of his account, of $2952 77; and that the account thus amended be homologated, and that the dative executor distribute the funds in his hands accordingly.  The costs in both courts to be borne by the estate.

*G. B. Duncan,* for the appellants.  No counsel appeared for the appellee.