## Succession of Alexander Milne—Charles Gordon, Duke of Richmond and others, appellants.

The commission of two and a half per cent allowed to executors by art. 1676 of the Civil Code, cannot be claimed on the value of waste, uncultivated land. Such land cannot be considered as a part of the productive property of the succession.

Appeal from the Court of Probates of New Orleans, *Bermudez*, J.

*L. C. Duncan, Hoffman,* and *Eustis,* for the appellants.

*Canon,* for the testamentary executor, relied on arts. 1619 and 1676 of the Civil Code, and the case of *Young* v. *Chancy,* 3 La. 464.

Bullard, J. The dative testamentary executor having presented his account, the following item was opposed, to wit : " *Commission sur les billets et terrains moins les nonvaleurs,* \$702,769 *et* 65 *cents, à* 2½ *pour cent,* \$17,569 25." The opposition was overruled, the whole amount of the commissions allowed, and the opponents prosecute the present appeal.

The Judge of the Court of Probates admits that this identical question of commissions was decided by this court in a case between the same parties. See 1 Robinson, 400. It is clear that a great part of the real estate, upon which these commissions are given, consists of waste lands, not cultivated, and a part not susceptible of cultivation. We cannot regard that species of property, as the *productive* property of a succession, upon which the executor is entitled to charge a commission. The best evidence that it is unproductive is, that in the hands of the present executor it has produced nothing.

The evidence does not enable us to come to a definitive conclusion as to the amount of commissions to which the executor is really entitled ; and for this purpose the case must be remanded.

The judgment of the Court of Probates is therefore avoided and reversed ; and it is further ordered that the case be remanded for further proceedings ; the costs of this appeal to be paid by the appellee.