St. André et al. *v.* Rachal et al.

Where two persons qualify as joint administrators of a succession, and there is no severance of their duties, they will be responsible, *in solido*, for the proceeds of the sale of the effects of the succession which have come into their hands. In such a case the administrator who seeks to relieve himself from responsibility for a dilapidation of the funds received, must show that it was occasioned by no neglect of duty on his part. There is no reason why the rule of responsibility *in solido*, established by art. 1674, in case of a joint administration by executors, should be confined exclusively to that class of administrators.

Interest is due on any balance found to be owing by an administration to a succession, from the date of the judgment establishing the debt. The amount must be considered as due *ex contractu.*

APPEAL from the Court of Probates of Natchitoches, *Greneaux*, J. *M. Boyce*, for the plaintiffs, cited 9 Rob. 282. 1 An. 214. C. C. 1647. *Sherburne* and *J. B. Smith*, for the appellants, contended that administrators were not liable *in solido*. C. C. 2088. The judgment of the court was pronounced by

Eustis, C. J. This is an action of the heirs of the late *Onezeme St. André*, of the parish of Natchitoches, against the defendants, who were the administrators of the succession, for an account of their administration and the balance due. Judgment was rendered against the defendants *in solido*, for the sum of $4096 62½. The accounts were referred, under an order of the court, to auditors. The judgment made some alterations in the report made by the auditors, and amended it accordingly, but allowed no interest on the amount due. The defendants have appealed.

The case was submitted to us at the last term, and has been held under advisement for the purpose of considering the questions of the liability of the defendants *in solido*.

One of the defendants only was served with process, the other, as is alleged, having absconded, but has appeared by counsel appointed. The appointment of the administrators was joint, and, from the answer of the defendant *Morgan*, it appears that he holds himself not liable to the plaintiffs beyond his virile share, in consequence of the appropriation of the funds of the administration to his own use by his co-administrator, and of his having acted in all respects as a prudent and honest administrator. As far as we can judge from the evidence the administration was joint, and we do not find that there was any severance of duties on the part of the defendants.

The proceeds of the sale of the effects of the succession came to the hands of the administrators; they ought to have been deposited in their joint names, or retained under the charge of both; neither had the exclusive right to retain them, nor do we find any evidence which ought to change in any respect the joint liability of each, which extended equally to the preservation of the whole fund.

The appellants rely for a reversal of the judgment rendering the defendants liable *in solido*, on article 2088 of the Code, which provides that obligations *in solido* are not presumed, but must be expressly stipulated. But the same article provides that this rule ceases to prevail, only in cases where an obligation *in solido* takes place of right, by virtue of some provisions of the law. The principle of article 2088 existed in the roman law, but there were exceptions to

it. There were several cases in which solidarity between debtors was implied ; for instance the obligation contracted by several tutors undertaking the same tutelage, or by several persons engaging in some public administration. Pothier on Obligations, § 266, 267.

In the present case, the funds of this succession being in the custody of both administrators, no portion of them could be diverted by one without the neglect or consent of the other. Whether the defendants are liable from having received money, or for neglect in not attending to its proper custody or appropriation, is not material in the present case.

Article 1674, providing for one of several executors acting under the solidary responsibility of all, unless the testator has divided their functions, and each has confined himself to that allotted to him,' presupposes the solidary obligation in cases of a joint administration on the part of executors. *Doriocourt* v. *Jacobs*, 1 An. 214. There is no reason for an exception exclusively for this class of administrators, and, we think, that, in a joint administration of a succession the party who seeks to relieve himself from responsibility for a dilapidation of the funds received, must show that it was occasioned by no neglect of duty on his part. It has not been done in this case, and we think, the judgment appealed from is correct in this respect.

The accounts between the parties were quite complicated; even the auditors failed to adjust them; but on the decree of the court the account must be considered as due *ex conctractu*, and bears interest from that date. Vide *Petrie* v. *Wofford*, *ante* p. 562.

As to the allowance of commissions, vide 1 Rob. 400, and *Succession of Milne*, 5 Rob. 48. The judgment must be amended as prayed for in the appellees' answer, as to the interest only. It is therefore decreed that the judgment of the District Court be amended, allowing interest from the 12th March, 1846, it being affirmed in all other respects, and that the appellants pay the costs of this appeal.