The judgment of the court was pronounced by
Eustis, C. J.
The plaintiffs, who are the owners of a lot of land on the opposite side of the river situate between the public road and the river, leased the same to the defendants. The object of the present suit is to obtain possession of said lot and certain adjoining premises of the plaintiffs, upon which the defendants are alleged to have intruded, having been sub-tenants of their (the plaintiffs’) lessee. The plaintiffs in their petition expressly confine their action to the remedy granted by law in favor of lessors to enable them to recover pos *95 session of leased premises at the expiration of the term for which they have been leased. They pray that in compliance with the acts of the 3d of March, 1819, and of the 16th March, 1848, the defendants be cited and ordered to answer their petition within three days ; and that after summary proceedings had they may have judgment decreeing to them the immediate delivery of the property leased by them to the defendants, and of that occupied by the latter as the-sub-tenants of the plaintiffs’ lessee. The petition concludes with a prayer for' general relief.
The petition was filed on the 17th of May, 1849, and was served on the 21st following.
On the 24th May the defendants filed an answer, premised by a peremptory exception to the plaintiffs’ action, that the court could not take and maintain cognizance of the same; and that the plaintiffs were not authorized to proceed under the act of the 16th March, 1848, entitled “ An act to give jurisdiction to the District Courts of New Orleans over causes arising under the act of March 3d, 183 9, respecting landlords and tenants,” by virtue of which the plaintiffs are proceeding in the present suit, because they the said defendants aver that said act is null, void and of no effect, being contrary to the provisions of the 118th article of the Constitution of the State.
Special matters of defence are also set up in the answer.
The cause was fixed for trial on the 28 th of May for the 4th of June ensuing. It was tried on that day and the 6th, and was determined on the 7th June.
The district judge decided this exception against the defendants and gave the-plaintiffs judgment on the merits. From this judgment the defendants have appealed. The constitutionality of the act, under which the summary proceedings have been conducted, has been argued fully at bar. It is in these words:
“An act to give jurisdiction to the District Courts of New Orleans over' causes arising under the act of 3d March, 1819, respecting landlords and tenants. Section 1. Be it enacted by the Senate and House of Representatives of the State of Louisiana, in genei'al assembly convened, that the 4th and 5th sections of the act entitled ‘ An act to amend the several acts heretofore passed to organize and regulate the practice of the city court of New Orleans, and for other purposes,’ approved March 10th, 1838, be and the same hereby are repealed.”
“Section 2. And be it further enacted, &c.: That whenever the monthly rent paid by a tenant, or the lease which he shall allege to hold, shall be found to exceed one hundred dollar's, then the said tenant, if sued under the act of 3d March, 1819, shall be cited before any of the district courts of New-Orleans ; provided that the defendant shall be summoned, in the manner provided for by said act, to answer within three days.”
“Section 3. That no recess or adjournment of the district courts shall affect the cases arising under said act of 3d March, 1819, that the said cases shall be tried summarily and by preference, at all times, after three days’ notice, given by either party or to his attorney on record; and that no appeal shall suspend-execution unless the defendant has filed a special defence, supported by his oath that all the facts contained in his answer are true- and correct, and entitle him to retain possession of the premises.”
The first section purports to repeal the 4th and 5th sections of an act of 1838 recited therein.
The fourth section of that act gave the presiding judge of the late City Court of New Orleans, exclusively of the justices of the peace and associate justices of said court, jurisdiction over suits of landlords for the possession of leased pro *96 perty, when the matter in dispute exceeded the sum of three hundred dollars',■ and' authorized- an- appeal to the Supreme Court in such cases.
The fifth section provides that no appeal should stay execution unless bond should be given to secure damages, &c. There are some other provisions which it is- not material to consider.
Both of these sections were virtually repealed by the abolition of the city-court under the judicial system of the present Constitution. That instrument vested the judicial power of the State in a Supreme Court, the District Courts and in- Justices of the Peace. It gave the district courts original jurisdiction in all civil cases when the amount in dispute exceeds fifty dollars. In criminal cases and- matters connected with successions their jurisdiction is unlimited. So that, without the act under consideration, it would seem the district courts of New Orleans would have jurisdiction over cases between landlord and tenant, as virtually as with it.
The title to the act giving jurisdiction, &e., merely recites the effect of the Constitution itself and so far as the statute carried out this effect it must be considered as expressing its object. But under our view of this statute the material parts of it are not matters of jurisdiction in any sense ; they are matters of procedure, deeply affecting the privileges of litigants. The exclusion of this class of cases arising between landlord and tenant from the ordinary rules which regulate' judicial proceedings, and subjecting them to the stringent and summary action prescribed by the act, may be necessary and politic, and we are far from drawing in question the wisdom or policy of the enactment. But we think it aught not to be left under a title which gives no direction or clue to its existence.
To give jurisdiction to a court is to confer the power of applying the laws judicially. By this act new provisions of law are enacted, the former laws are changed and'the rights of parties, standing towards each other in a particular relation, are materially affected, and those of one party are materially abridged.
On the authority of the cases of Walker v. Caldwell, et al., 4th Ann. 297, and of the State v. Hackett, just decided, in which the'views of this court on the articles IT8 and 1'1'9 of the Constitution are freely given, we are unable to maintain the' constitutionality of the act under consideration.
The article 118 provides that every law enacted by the Legislature shall embrace but one object and that shall be expressed in its tide. The object of the act in question was. to subject tenants to stringent, summary and unusual proceedings, and that object is not expressed in the title; nor is there any thing in the title which gires an intimation of the contents of the act. If the'validity of this act be maintained, the provisions of the Constitution which guarantee the forms' of our future legislation are to all intent's and purposes without force or effect'.
The judgment of the'district court is therefore reversed, and the plaintiffs’' petition dismissed, with cost in both courts.