ON Motion to Dismiss.
The opinion of the court was delivered by
Blanchard, J.
The executor, appellee, moves to dismiss on various grounds, which will be considered seriatim.
I.
The first ground is that the appeals were made returnable on the first Monday of March, 1897, whereas the legal return day was the first Monday of February, 1897, unless the intervening time was not sufficient within which to prepare the transcripts.
The order of the court granting the appeals directs that they be made returnable on the first Monday in March “ in order to give time to complete transcript.”
Under Sec. 4 of Act 46 of 1870, extra session, the trial judge had the legal discretion to fix a different return day than that named by law, if more time be required to prepare the record for appeal.
The statement contained in the order of appeal, quoted above, is a sufficient declaration that there was not sufficient time to prepare the transcripts by the next regular return day for appeals, and that for this reason it was necessary to fix another return day, which was done. It does not avail appellee, if it be true, that the trial judge *970 acted, in fixing another return day for the reason given, upon the suggestion of counsel for appellant. The act must be held as emanating from the judge himself, and that in entering the order of appeal as was done he did not abuse the discretion vested in him by. law. Bartoli vs. Huguenard, 39 An. 411; Brabazon vs. City of New Orleans, 28 An. 64; Goodwyn vs. Perry, 26 An. 292; Watkins Banking Co. vs. Lumber Co., 47 An. 581.
II.
The second ground for dismissal is that the judgments sought to be appealed from are judgments homologating an executor’s account which was not opposed, and wherein no issue was raised between the executor and the appellant, though the latter was duly cited and the accounts duly advertised.
An appeal lies from a judgment homologating a succession account, whether opposed or not. Succession of Cloney, 29 An. 327; Succession of Bellocq, 28 An. 155; In the matter of the Pelican Saw-Mill and Manufacturing Co., in Liquidation, 48 An. 711.
III.
The third ground urged for dismissal is, that the judgments sought to be appealed from are consent judgments, from which, under the law, no appeal lies.
The executor makes affidavit to the correctness of the averment of ■consent, and appellant — an absentee — makes counter affidavits ■through her counsel and attorney in fact, denying it.
The record does not show the judgments were consent judgments, and from tho presence in court of the counsel representing the guardian, at the time of the homologation of the accounts, it can not reasonably be inferred chat she, through him, was there consenting to the judgments of homologation.
If there was an agreement to this effect, it should, both under the rules . of the District Court and of this court, have been in writing and filed in the record.
/ Nor would such agreement, if made, have been binding on the McCan minors, who are appellants herein. It would have been, in the nature of a compromise, and a tutrix or guardian can not enter into a transaction or compromise respecting minors’ rights without .authority from the judge, granted on the advice of a family meeting. *971 R. C. C. 353, 3072; Heirs of Burney vs. Ludeling, 47 An. 73; Chambers vs. Chambers, 41 An. 443; Metcalfe vs. Alter, 31 An. 389.
“ A tutrix is without authority to acquiesce in a judgment from which an appeal lies, by voluntarily executing it to the prejudice of the minors.” Succession of Flower, 3 An. 292.
The fourth ground advanced for dismissal is that the judgments homologating the accounts have been acquiesced in and voluntarily ■executed by the appellant. This rests upon the averment, supported by the affidavit of the executor, that the guardian of the minors has received from the executor all the assets, property and funds of the two successions, as shown by the accounts.
The counter affidavit of the guardian, through her attorney in fact, while admitting the reception of the assets, property and funds, denies any execution of the judgments of homologation equivalent to acquiescence in the accounts upon which they were based.
The delivery of the property and funds of these successions to the guardian of the minors can not be held to be such an execution of, or acquiescence in, the judgments homologating the executor’s accounts, as prevents, later, a seasonable appeal on their behalf, for the purpose of correcting an error to their prejudice, in the matter of commissions charged by the executor. Succession of Kaiser, 48 An. 973; Milliken vs. Rowley, 3 R. 253; Dwight vs. Brashear, 12 An. 860; Liles vs. Canal Banking Company, 6 R. 273.
This being so, it follows that it would avail nothing to remand the ease on the averment of acquiescence and execution.
V.
Where an appeal is taken from a judgment homologating an executor’s account, the fact that the clerk of the court a qua copies into the transcript all the mortuary proceedings of the succession constitutes, in itself, no ground for the dismissal of the appeal. On an appeal like the present one, it is proper the entire record of the succession should be brought up.
VL
As to the complaint of the executor that the note of evidence, in the matter of the homologation of the account, was omitted from the transcript, it suffices to say that a writ of certiorari, seasonably invoked and issued herein by this court, has resulted-in the production of the missing document.
The motion to dismiss is denied.