LAND, J. It is ordered that there be judgment in favor of the Southern Fiber Company, one of the defendants, and Tennant Lee, garnishee, herein, dismissing plaintiff's suit as to them, with costs in both courts; and it is further ordered that, as thus amended, the judgment appealed from be affirmed as against Abbott W. Lawrence; and with these amendments of our decree herein the rehearing applied for is refused.

---

(44 South. 446.)

No. 16,468.

Succession of PIERCE.

(May 27, 1907. Rehearing Denied June 28, 1907.)

1. EXECUTORS AND ADMINISTRATORS—SETTLEMENT—COMPENSATION.

The personal property of the succession is administered in accordance with the laws of the domicile. To that domicile that property was transferred without having deducted the amount of the commission. There is no good reason to deduct the amount of the executor's commission from another fund remaining within the jurisdiction of this court.

2. DESCENT AND DISTRIBUTION—SUCCESSION TO REAL ESTATE—WHAT LAW GOVERNS.

The realty is disposed of in accordance with the laws of this state.

The decision in the Gaines Case, 14 South.

602, 46 La. Ann. 261, 49 Am. St. Rep. 324, is distinguished from the present case.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Descent and Distribution, §§ 16–18.]

3. EXECUTORS—SETTLEMENT—COMPENSATION.

Property that is unproductive, not shown to have required the least care or attention from the executors, cannot serve as a basis for commission.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, §§ 2090–2093.]

4. HUSBAND AND WIFE—COMMUNITY PROPERTY—INDEBTEDNESS TO INDIVIDUAL SPOUSE.

Funds of one of the spouses used to buy property during the community become an amount, after use, of indebtedness of the community.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

In the matter of the succession of John Elf Pierce. From the judgment, an appeal is taken. Affirmed.

McCloskey & Benedict, for appellants executors. John Joseph McCloskey, for appellant John Eric Pierce, minor. Dart & Kernan, for appellee Mrs. Margaret Driscoll-Pierce. Zengel, Thomas & Suthon, for appellee Suburban Loan & Building Association.

BREAUX, C. J. An opposition was presented to the homologation of the final account of the executors of the succession of the late John E. Pierce, who died on May 1, 1902, leaving a will made in accordance with the laws of Wisconsin, the state of his residence at the time of his death.

The succession was opened in the county of Milwaukee of that state.

A short time afterward his will was probated in that state.

The testamentary executors are Peter Gallagher, Edward W. Smith, residents of this state, and Arthur T. Wright, residing in Wisconsin.

They were recognized as executors, and letters testamentary were issued to them.

His estate was also opened in this state.

The inventory shows that he has property in this state, movable and real, amounting to $189,630.69. The real estate in this state amounts to $94,575.

The movable property was transferred to the Milwaukee court of original jurisdiction under its orders entered on September 17, 1902.

The personal property of the deceased fell under the rule that such property follows the law of the domicile.

On February 1, 1906, the executors filed a final account of their administration in this state to that date.

On this account the executors charged their commission of 2½ per cent. on the whole amount of the inventory.

The executors of this final account identified part of the property as separate property of the succession of Pierce and part as belonging to the community between him and his surviving widow. They are also charged certain indebtedness of the community to the separate estate of the deceased.

The widow of the late John E. Pierce, and her minor son, through his legal representative, opposed the account, and particularly the commission allowed to the executors. She averred that the property had never been administered by them, that it had been forwarded to Wisconsin to another court, as before mentioned, that part of the property, at least, which is put down as separate property of the late John E. Pierce, belongs to the community.

The judge of the district court held that the property described in the inventory, except the real property bought by the decedent before July 26, 1894, the date of the marriage with Mrs. Pierce, the surviving widow, and except 56 shares of stock of the Troy Laundry Company, was community. He also held that the community was indebted to the separate estate of the late John E. Pierce

in the sum of $38,400, brought by the separate estate into the community.

The account was homologated.

An appeal has been taken from the judgment of homologation by the executors and on behalf of the minor son, issue of the marriage of the late John E. Pierce with his surviving widow.

Here Mrs. Pierce and her son, through his guardian, answered the appeal, and ask: First, that the commission allowed by the judgment be reduced in accordance with her opposition; second, that the 56 shares of the Troy Laundry stock be held to be community; third, that the asserted debt of $38,400 be canceled.

## The Executors' Commission and the Extent of the Widow's Liability.

The executors had seisin of the property under the will. The expressions of this lengthy will are such as render it quite evident that it was the intention that they should have possession. They were authorized to take charge, administer, and even dispose of some of the property. It does not appear that they have been discharged at the domicile of the estate.

True, as contended by opponent, the property has been forwarded away from the jurisdiction of this court. The responsibility, however, of the executors remained; they still have control of the property under the direction of the court to which it had been transferred.

Whilst it is true that, under prevailing comity, personal property is subject to the jurisdiction of the domicile, the creditors are to be paid before the transfer.

But after property has been transferred it is no longer possible to charge the commission on it. This charge must be relegated to the domicile. The property here, under a different administration and different laws, cannot, after the transfer, be burdened with

costs that should have been settled and collected before the transfer.

As relates to the widow's liability for the executor's commissions, their services went to the administration both of the separate estate and of the community. It was settled in the McCan Case, 49 La. Ann. 974, 22 South. 225, that the wife's rights settled in the community owed a commission.

The same principle was incidentally touched upon in the Millaudon Case, 9 La. 307:

"Commission was charged on the appraised value of the inventory on all the common property belonging to the husband and the wife."

### Unproductive Property.

The opponents interposed the objection that on the face of the inventory it is not possible to say what property is unproductive.

We noted that that is only true as regards property referred to in the account under the heading: "The Following Unimproved Property Has Produced No Revenue."

The first item under this heading being "St. Peter street and Rocheblave, Rocheblave between St. Peter and Carondelet."

There are several pieces of land referred to between the first and the last; the last item being "Canal between Solomon and David, L. 3, 4, 5, and 6."

Under another similar heading, several lots are referred to as unimproved and as producing no revenues, beginning with 2312, and so forth.

The following principle, based on article 1683 of the Civil Code, runs through the decisions cited infra:

"It is true that a great part of the real estate upon which these commissions are given consist of waste land not cultivated, and a part not susceptible to cultivation. We cannot regard that species of property as the productive property of the succession upon which the executors are entitled to charge a commission. The best evidence that it is unproductive is that in the hands of the present executors it has produced nothing." Succession of Milne, 1 Rob. 400; Succession of Girod, 4 La. Ann. 387.

Under these decisions it cannot well be held that an executor should receive a commission upon property that gives him not a particle of trouble and which is entirely unproductive. To allow a commission it must be made to appear that it required attention of some sort.

### The Shares in the Troy Laundry Company.

We will take but little time in disposing of the question growing out of these shares. They were the separate property of the deceased, owned before his marriage in the year 1894. They therefore did not pass to the community.

### Indebtedness of the Community to the Separate Estate.

Thirty-eight thousand four hundred dollars is the amount that was allowed by the judgment of the district court as due by the community to the separate estate.

The decedent had a number of lots and other property that he disposed of after his marriage, and it is said by at least one witness that the amount thus disposed of and used for the benefit of the community was the sum above mentioned.

No one can reasonably deny that property bought during the marriage with separate funds belongs to the community. Succession of Merrick, 35 La. Ann. 296.

True, with some certainty it must be shown that the funds were the funds of the husband that were used in buying property for the community. Denegre v. Denegre, 30 La. Ann. 275.

Here we have positive testimony upon the subject.

The witness Mr. Peter Gallagher, who testified that the amount before mentioned was used as stated heretofore, had been a close friend of the deceased. He held his power of attorney for years and attended generally to the management of his business affairs. He was familiar with his business. He tes-

tified positively that the price for which the property was sold and the proceeds of certain notes went into the community. In other words, he traced the proceeds of the sale and collections directly to the benefit of the community.

In the face of this positive testimony, we do not think that we should disturb on this point the judgment of the district court.

This witness fixed the amount thus received.

Learned counsel for opponent finds that the items in regard to which he (Gallagher) testified are less than he stated.

We have gone over these items and do not find the error charged.

For reasons stated, it is ordered, adjudged, and decreed that the case be remanded to ascertain the amounts charged as commission on property mentioned as unproductive, and to deduct the amount from the commission.

It is further ordered, adjudged, and decreed that the commission of 2½ per cent. on $89,900.35 be not allowed, thereby reducing the amount to $2,488.07.

With this amendment, the judgment is affirmed, at costs of the executors.