SOMMERVILLE, J.
The original record in this case has been filed with us as ordered when the application for the writ of certiorari or review was made.
It shows that W. H. B. Croom agreed to *647 sell lot No. 9 in the Croom subdivision of Mooringsport, La., to E. L. Munday; that Munday, before hie acquired title to the land, commenced to build a house on the lot. He appears to have met with some reverses, and Mr. Croom never made title to said lot to him. The Croom family subsequently sold the same lot for $200 to E. M. Hearne, the plaintiff in this cause, free from any inscriptions in their names. The house, not the lot, was subsequently held liable for a lien in favor of a furnisher of materials properly inscribed against Munday, the former owner of the house erected on lot No. 9. Plaintiff asks that the judgments of the district court and Court of Appeal against him and in favor of defendant be reviewed and reversed.'
Mr. Hearne claims in his petition filed here that he bought both the house and the lot from the Crooms; but this allegation is not sustained by the title deed. It shows that he simply bought “lot No. 9 of the Croom subdivision” without any reference whatever to the house which was being erected thereon by Mr. Munday. 1-Ie, Hearne, purchased this unfinished house from Munday. The record further shows that some material was bought by Munday from the Victoria Lumber Company, Limited, and was used by Munday in the construction of the house referred to; that the said lumber company recorded its itemized bill against Munday in the proper office, and that it subsequently sued Mun-day, and asked that the lien and privilege resulting from such recordation be recognized and enforced against the house, but not against the lot then belonging to plaintiff. There was judgment in favor of the lumber company, and against Munday, with recognition of its lien and privilege against the dwelling house on lot No. 9, etc., and “that this judgment have no effect beyond the value of the house above described.” The Victoria Lumber Company, Limited, proceeded to seize and offer for sale the house upon which, its lien rqsted, when E. M. Hearne, the present owner of the house and lot, instituted this proceeding, and asked that an injunction issue to prevent the sale of said house. There was judgment dismissing his suit.
E. M. Hearne now complains to this court that the judgment of the Court of Appeal, affirming the judgment of the trial court, is erroneous, in that it recognizes and maintains a lien registered against E. L. Munday, who was never the owner of the lot or house in qviestion, and- which was not recorded against the Crooms, his vendors, who were the owners of the lot at the time the lien was recorded against Munday. We have seen that the judgment referred to does not recognize any lien or privilege in favor of defendant as bearing upon the lot owned by plaintiff, which he acquired from the Crooms. The lien is recognized by the judgment as bearing upon the house, which the record shows belonged to Munday, and against whom the inscription of the bill for materials had been duly recorded. Munday was the owner of the building, he bought the material therefor, and the inscription was properly made in his name and against his property. Article 3249 of the Civil Code, in part, provides that the materialman shall have a privilege upon the immovables for materials supplied to the owner, when said materials have been used in the erection or repair of an edifice or other works on said immovable. And that:
“The above-named parties shall have, a lien and privilege upon the building', improvements or other works erected, and upon the lot of ground not exceeding one acre, upon which the building, improvement or other work shall be erected; provided, that such lot of ground belongs to the person having such building, improvement or other work erected,” etc.
[1] The Crooms, who owned the lot of ground upon which Mr. Munday was erecting *649 the house referred to, fall within the provision just quoted from article 3249 of the Code; and the lien and privilege recorded against Mr. Munday and the house owned by him do not operate upon the lot of ground which was owned by the Grooms, and defendant has not sought to proceed against the lot. It was proceeding only against the house which was owned by Munday, and against which it had a recorded lien before plaintiff bought from Munday.
The rule nisi which was ordered in this case is now recalled, and the application for the writ is denied at the cost of the applicant.