————o————

No. 6950.

## EUREKA HOMESTEAD SOCIETY v. WIDOW THOS. R. GREGSON.

### Syllabus.

A contractor who erects a building upon a lot of ground which is not owned by the person having the building erected, is entitled to a privilege upon the building but not upon the lot upon which the building is erected.

234

No agreement for work exceeding $500 which has not been recorded shall enjoy a privilege.

If the contractor has no privilege, neither has the furnisher of materials.

Appeal from the Civil District Court, Parish of Orleans, No. 116,190, Division "C"; Honorable E. K. Skinner, Judge. Affirmed.

McClockey & Benedict, for plaintiff and appellee.

H. W. Robinson & Delvaille H. Théard, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This is a proceeding by rule to cancel an inscription in favor of G. Pitard's sons, furnishers of building materials.

The facts are as follows:

Luigi Pecoraro owned two lots of ground. He made a verbal promise of sale of these two lots to Alice Duvernet, widow Thomas R. Gregson, defendant herein. In anticipation of the act of sale, and before it was passed to her Mrs. Gregson made a written contract with George H. Betterly to erect certain buildings upon said two lots. This contract was never recorded. Betterly put up the buildings. But Mrs. Gregson was not able to pay either for the lots or for the buildings. She then applied for a loan to the Eureka Homestead Society, plaintiff herein, which agreed to make it. In accordance with transactions of this sort Pecoraro then sold these two lots with all the buildings thereon to the Homestead by an act dated October 14th, 1914, for the price of $900 cash. In this act "the vendor declares that the consideration of $900 covers the price for

235

the lots of ground only, as the buildings and improvements on said lots were paid for by Mrs. Thomas R. Gregson." The mortgage certificate dated October 10th, 1914, in the name of Luigi Pecoraro, recites various inscriptions amounting to $1608.12 in favor of sundry furnishers of materials, the majority of which appear cancelled; the name G. Pitard's Sons does not appear upon the certificate.

Upon the trial of this rule it was admitted

"that the Eureka Homestead Society at the date of passing the act of sale, October 14th, 1914, by which it acquired this property, knew that Mrs. Thomas G. Gregson had built a house on this property and had an equity in it exceeding $2000.00 in value, and that there were liens and privileges recorded against same, which the Eureka Homestead Society retained out of the purchase price, due to these lienors, aggregating several hundred dollars."

Upon the same day, October 14th, 1914, the Eureka Homestead Society sold the same two lots "with all the buildings and improvements thereon" to the same Alice Duvernet, widow of Thos. R. Gregson, for the price of $2900, represented by a note for the same amount payable on demand and otherwise in accordance with the provisions of the charter of the Homestead. This act was recorded in the mortgage and conveyance offices according to law.

About a year after these sales, namely about October, 1915, the buildings and improvements erected by Mrs. Gregson upon these two lots were destroyed by fire.

Mrs. Gregson failed to pay her note and the Homestead Society in the present suit foreclosed against the naked lots to recover a balance due thereon of $843.00. The lots were sold by the sheriff. Upon the mortgage certificate were two inscriptions, viz: 1. A judgment in favor of

Samuel B. Stewart recorded March 27th, 1916, and 2. a privilege in favor of G. Pitard's Sons for $268.71, recorded September 9, 1914, against Mrs. Thomas G. Gregson, owner, and George H. Betterly, contractor.

The itemized recorded bill of G. Pitard's Sons is for "materials sold to George Betterly, contractor, for the erection of the building owned by Mrs. T. Gregson" and extends from July 3rd, 1914, to August 7th, 1914.

The plaintiff, the Eureka Homestead Society, then took the present rule against Stewart and Pitard's Sons to have the inscriptions in their favor cancelled. The rule was made absolute and G. Pitard's Sons alone have appealed.

These are at least two reasons why the judgment of the lower Court should be affirmed.

1. The first is that G. Pitard's Sons have no privilege upon the thing sold in this case, the naked two lots. As we have seen, G. Pitard's Sons sold the materials, for which they claim a privilege, to George Betterly, contractor, for a building erected by Mrs. Gregson; that the lots of ground upon which Mrs. Gregson caused the buildings to be erected did not belong to her at the time the materials were furnished, during July and August 1914, but were the property of Luigi Pecoraro; and that these two lots did not cease to belong to Pecoraro until October 14th, 1914, when Mrs. Gregson acquired them. Under these circumstances Pitard's Sons acquired a privilege only upon the buildings, but not upon the lots upon which they were erected. The Civil Code reads as follows:

C. C. 2772 (2743):

> "The undertaker has a privilege for the payment of his labor on the building or other work which he may have constructed * * * . All the foregoing

237

provisions shall apply to the person furnishing materials of any kind to be used in the performance of any work done and performed towards such building by any mechanic or workman, &c."

C. C. 3249 (3216):

"Creditors who have a privilege on immovables are: 1—2—3: Those who have supplied the owner or other person employed by the owner, his agent or subcontractor with materials of any kind for the construction or repair of an edifice or other work, when such materials have been used in the erection or repair of such houses or other works. The above named parties shall have a lien and privilege upon the building, improvement or other work erected, and upon the lot of ground not exceeding one acre, upon which the building, improvement or other ·work shall be erected; provided, that such lot of ground belongs to the person having such building, improvement, or other work erected; and if such building, improvement or other work is caused to be erected by a lessee of the lot of ground, in that case·the privilege shall exist only against the lessee and shall not affect the owner." R. S. 445.

In the case of *Routier v. Hughes & Co., No.* 171, opinion Book 1, p. 351, this Court said:

Articles C. C. 2270, 2274 and R. S. 2879-2884 "apply only where work is being done by contract for the owner or proprietor, and hence we cannot extend them so as to cover cases where it· is a lessee who is the principal contractant. To do so, would be to do more than merely to interpret or enforce it; it would be to amend the laws themselves."

See also 18 *La.,* 70; 2 *R.,* 66; 40 *A.,* 270; 131 *La.,* 646 (651); 133 *La.,* 416 (421); 31 *A.,* 698; 30 *A.,* 361.

2. But even conceding that the contract of Betterly with Mrs. Gregson entitled him to a privilege upon the land as

well as upon the building, the contract was for an amount exceeding $500, but conferred no privilege unless it was recorded; and the contract here was never recorded.

C. C. 2775 (2746):

> "No agreement or undertaking for work exceeding $500 which has not been reduced to writing and registered with the recorder of mortgages shall enjoy the privilege above granted."

11 M., 437; 6 N. S., 169, 473; 2 L., 93; 5 La., 94; 16 La., 292; 10 R., 158; 4 A., 122; 5 A., 432, 334; 6 A., 480; 12 A., 227, 228; 19 A., 446; 16 A., 306; 20 A., 485; 24 A., 612; 28 A., 290, 305; 2 A., 549; 137 La., 476; 133 La., 418 (424); 119 La., 47; 48 A., 764, 617.

Pitard's Sons being furnishers of materials, held under Betterly and had the same rights he had, but none better, and if Betterly had no privilege, Pitard's Sons had none. 30 A., 1000; 26 A., 220; 4 A., 97, 121; 6 A., 480; 8 Ct. App., 291.

It is therefore ordered that the judgment be affirmed.

Opinion and decree, February 19th, 1917.