SICARD v. PFISTER, ET AL., Appellant

———

(February 28, 1927. Opinion and Decree.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Appeal—Par. 625.**

When only matters of fact are involved, judgment of the lower court, unless clearly erroneous, will be affirmed.

Appeal from Civil District Court, Division "C". Hon. E. K. Skinner, Judge.

Action by Chas. J. Sicard against Charles Pfister, et al., in solido.

There was judgment for plaintiff and defendants appealed.

Judgment affirmed.

Jos. H. Brewer, of New Orleans, attorney for plaintiff, appellee.

A. D. Danziger, of New Orleans, attorney for defendants, appellants.

JONES, J. This is a suit by a subcontractor against the main contractor and lessors for two hundred and twelve and 10-100 ($212.10) dollars, unpaid price of work on the Prytania theatre.

Plaintiff alleges that the work was done under a verbal contract with the main contractor, and that a detailed statement was promptly recorded in the mortgage office, but amount was never paid.

The main contractor, although served with citation, made no appearance, but the lessors answered that they were tenants of the naked ground under a lease by which the improvements made by them were to revert to the owner at expiration of their tenancy; that they had paid the contractor the entire amount due by them for work in the Prytania theatre, and he had certainly paid plaintiff a portion of amount due for his work on the theatre, but that plaintiff, who was doing the work on open account for the contractor, had illegally imputed their payments.

They prayed that plaintiff's suit be dismissed at his cost, or, in the alternative, that he recover judgment only for such amount as should be found due him after proper accounting.

The evidence showed that the lessors had leased the ground, put up a building, and then employed Pfister for three thousand and 00-100 ($3000.00) dollars to remodel the structure under a lease by which the improvements reverted to the owner at the expiration of the contract, but there is nothing in the record to show the length of the time.

There is also much evidence as to the imputation of payments and pages from plaintiff's ledger are filed in evidence, but Charles Pfister, the main contractor, was not summoned as a witness, although plaintiff testified he was available to substantiate or refute his statement to the effect that he had never been paid one cent on the Prytania theatre job.

The judge of the lower court gave judgment for the amount claimed against the lessor with recognition of plaintiff's lien and privilege on the theatre only.

Defendant urges in this court that the privilege should have been recognized, if

at all, only on the lease, and cites as authority Art. 3249 of the Civil Code, which reads in part as follows:

"* * * and of such building improvement or other work is caused to be erected by a lessee of the lot of ground, in that case the privilege shall exist only against the lease and shall not affect the owners."

Here the repairs were done to a building originally constructed and later remodeled by lessors, and we think the lower judge was right in granting a privilege on the building under the circumstances.

In Hearne vs. Victoria Lumber Company, 131 La. 646, 60 South. 22, where the man who contracted for the materials held a bond for deed, the Supreme Court upheld the material furnisher when he sought to enforce his lien against the building. In the course of the opinion the court uses the following language:

"While Munday was not the owner, he was in possession with the consent of the owner to a sufficient extent to enable him to erect the building on which defendant claims a privilege. He was to that extent a tenant at will. * * * We think that there was a privilege on the property."

As that decision was based on Art. 3249 C. C., the controlling law in this case, we think the analogy between these two cases sufficiently close to make that conclusion binding here.

We fully agree with the judge of the lower court that the plaintiff has proved his claim, but we do not think that damages should be allowed for frivolous appeal.

For the above reasons the judgment is affirmed.