No. 708

First Circuit

SCARDINO v. MAGGIO

(December 1, 1930.   Opinion and Decree.)
(January 26, 1931.   Rehearing Refused.)
(March 2, 1931.   Writs of Certiorari and
   Review Refused by Supreme Court.)

Daspit, Huckabay & Blanche, of Baton Rouge, attorneys for plaintiff, appellee.

Fred G. Benton and Charles A. Holcombe, of Baton Rouge, attorneys for· defendant, appellant.

LeBLANC, J. This is a possessory action brought by the plaintiff, Lawrence Scardino, against the defendant, Joseph Maggio, his stepson, who, he alleges, has disturbed him in the enjoyment of his possession, as head and master of the community existing between him and his wife, Mrs. Annie Corona, of a certain store building and residence combined, situated on a lot of ground forming the corner of Bayou Sara and Mayer Roads in the Third ward of the ·parish of East Baton Rouge.

In his petition, plaintiff inadvertently alleged that he was a part owner of the property he was seeking to be restored to the possession of. This allegation on his part formed the basis of an exception of misjoinder of necessary parties filed by the defendant, on the ground that the petitioner had failed to disclose who was his co-owner.

It appears from the evidence, that the plaintiff and Anna Corona were married in September, 1926. After their marriage, they lived for nearly a year in a house on a lot across the railroad track of the Louisiana Railway & Navigation Company from the lot · on which the building in controversy was erected. Title to this latter lot was in the name of Donnie Corona, a daughter of the plaintiff's wife. On this lot, they operated a gasoline filling station and soft drink stand. In the spring of 1927, Mrs. Annie Corona spent about $900 of her own money and about a like sum of her husband's in erecting on this lot of ground the store and residence building, the possession of which is in contest before us. The old filling station and soft drink stand were demolished to give way to the new structure. They moved into it after it was completed and occupied it as a residence and conducted a mercantile business in the store part.

The use of the husband's $900 in the construction of the building did not make him a joint owner thereof. "The community of property, created by marriage is not a partnership; it is the effect of a contract governed by rules prescribed for that purpose in this Code." Civ. Code, art. 2807. His money was used to benefit and enrich the community between himself

and his wife and its use as such merely constituted a debt of that community in his favor. Denegre v. Denegre, 30 La. Ann. 275; Succession of Pierce, 119 La. 727, 44 So. 446. The building belonged to the community of which he properly alleges himself to be the head and master, and the purport of his petition is to show that he is acting in that capacity in this proceeding. Those are the controlling allegations of his petition to which the one that he is a part owner must give way, in view of his status under the law, and, without the latter, the exception of nonjoinder passes out of the case.

The record shows that on June 6, 1929, two weeks before plaintiff brought this action, Mrs. Annie Corona Scardino, his wife, and Donnie Corona, appeared before a notary public and entered into a contract of sale of the stock of merchandise and a lease of the building to Joseph Maggio, the defendant. On the theory that he was a lessee of the building, the defendant filed an exception of misjoinder and nonjoinder of parties, contending that his lessor should have been made a party to the proceeding with him. He cites in support of this plea, article 48 of the Code of Practice.

As that article of the Code is one which denies to the tenant the right to bring the possessory action and prescribes for him his remedy against his lessor, it would seem to contemplate a case in which the lessee or tenant is the aggrieved party endeavoring to bring the action. In this case the alleged fact is just the opposite. The tenant under the purported lease is charged with the disturbance and is made the party defendant. The provisions of the article cited would therefore not apply and the exception of nonjoinder and misjoinder of parties defendant was properly overruled.

Linked to plaintiff's demand for possession of the building was a prayer for a rule nisi ordering the defendant to show cause why he should not be enjoined from selling and disposing of the stock of merchandise in the store. At the same time that it issued the order, the court also granted the plaintiff a temporary restraining order. The defendant now contends that this was an assertion of ownership on the part of plaintiff which had the effect of cumulating the possessory with a petitory action, an act which is prohibited by article 55, Code Prac., and consequently there was an improper joinder of actions.

The defendant filed a motion to dissolve the temporary restraining order which was tried under certain exceptions to the petition. These exceptions were heard and tried separately and independently of the main demand for possession, and there resulted a judgment in favor of the defendant dissolving and recalling the restraining order and condemning the plaintiff to pay a sum of money in the way of damages for its unlawful issuance. That judgment was rendered July 15, 1929, and, as nothing further was done by the plaintiff in regard thereto, his claim in that respect seems to have been abandoned. After its abandonment, there remained but the one other demand, that for possession of the building. There was and could not thereafter be any joinder or cumulation of actions.

This disposes of all the issues raised under the different pleas filed by the defendant, with the exception of those arising under the exception of no cause of action and under the answer filed by him. The same questions are presented in both the exception and the answer, and they can be disposed of together.

The principal contentions made under these pleadings are (1) that the plaintiff

was not a possessor under the terms of articles 46 and 47 of the Code of Practice; (2) that the possession he claims was of a movable, and consequently, under the provisions of article 60 of the Code of Practice, the possessory action cannot be maintained; and (3) that he did not suffer a disturbance such as to entitle him to bring the action.

As already indicated by our reference to the evidence, the building which is the subject of the action was a community asset under the administration of the husband, plaintiff herein. He lived in the residence part of it, with his wife, and was actively engaged in the business conducted in the store. As head and master of the community which owned it, and charged with its administration, he can very well be held to have been in the actual possession of it.

The second point urged upon us is perhaps the most important question appearing in the case; that is, with regard to the nature and character of the property involved. The defendant's contention is based on the theory that the building is not an immovable because it was erected on a lot of ground belonging to someone else.

"Immovable things," according to the Civil Code, art. 462, "are, in general, such as cannot either move themselves or be removed from one place to another. But this definition, strictly speaking, is applicable only to such things as are immovable by their own nature, and not to such as are so only by the disposition of the law." Article 463 classifies immovables as those that are so by their nature, those that are so by their destination, and those by the object to which they are applied. Article 464, following immediately, specifically provides that "lands and buildings or other constructions, whether they have their foundations in the soil or not, are immovable by their nature." It is noted that that article of the Code makes no distinction between buildings erected by the owner on his own property or those that are erected by him on the property of someone else. It would seem, therefore, that buildings, as a general class of property, are by their very nature immovables.

Another article in another part of the Civil Code would seem to emphasize the fact that buildings, those on the property of someone other than the owner as well as those on his own property, are immovables. We refer to article 3249 Civ. Code, on the subject of "Privileges on Immovables." Under title 21 (article 3182 et seq.) the Civil Code treats of privileges under our law. The first chapter is devoted to general provisions, the second to the several kinds of privileges, the third to privileges on movables, and the fourth to privileges on immovables. In the last chapter, we find article 3249, supra, which enumerates the different creditors who enjoy the privilege on immovables, and in paragraph 3 we find that provided in favor of "materialmen." "The above named parties" the article reads, referring to materialmen, "shall have a lien and privilege upon the building," and it then provides for the effectiveness of the privilege if the building is caused to be erected by one other than the owner of the land. The privilege against the owner of both the building and the land operates against the building and also the lot of ground, not exceeding one acre, on which it is situated. As against the one owning only the building, it attaches to the edifice alone. Hearne v. Victoria Lumber Co., Ltd., 131 La. 646, 60 So. 22.

The discussion of these provisions will serve to bring out more clearly the point that, under our Civil Code, buildings, such as the one involved in this proceeding, are considered to be immovables. Aside from these provisions, the plaintiff finds authority to justify the possessory action in the case of Lange v. Baranco, 32 La. Ann. 697, in which the Supreme Court of our state held that a market house erected by someone else on city property was an immovable, and that it was unnecessary for the owner of the building to be the owner of the land on which it was erected in order to maintain the possessory action.

This brings us finally to a consideration of the last point urged by the defendant, that there was no disturbance of plaintiff's possession, but that he left voluntarily.

We believe that the testimony shows otherwise. The sale of the stock of merchandise and the lease made by the wife and daughter to the defendant, without the authority and consent, not even the knowledge of plaintiff, as well as their departure for New York, was enough to justify his fears, and he left no doubt, as he says he did, because he wanted to avoid trouble. There is evidence to the effect that the defendant had taken possession of the property under his pretended lease even before the plaintiff left.

The disturbance took place some time between June 6th and June 9th, and plaintiff lost no time in bringing this action, which was filed on June 22, 1929.

The judgment of the lower court maintained his action and restored him to the possession of the store building and residence. We find no error in the judgment, and it is accordingly affirmed.