GARRISON, Judge.
The case at hand involves a suit filed by the plaintiffs/appellants, Bessie Agnew Dale and Boyce Dale Wilds, against notary public Alvin Carriere, appellee.
Appellants’ brother went before the ap-pellee in order to have a last will and testament notarized. The appellee notarized the document which consisted of a pre-printed form containing standard will clauses and blanks to be filled in by the testator. This particular instrument named the appellants as his sole universal legatees.
Upon their brother’s death, the will was presented for probate. The court in which the succession was opened refused to probate the will as it did not satisfy the requisites of Louisiana law as to proper testamentary form. The appellants’ brother died intestate. The appellants then filed suit against the appellee alleging that he was negligent in his notarization of a last will and testament which was legally invalid in its form, causing plaintiffs to suffer a loss in the value of their inheritance. Specifically, the appellants allege that the ap-pellee was negligent in receiving, notarizing, failing to decline notarization and failing to properly review a purported last will and testament which was legally defective in form, failing to reveal the possible consequences of the execution of a last will which was legally defective in form, failing to perform a notary public’s duties properly, and failing to adhere to a reasonable standard of care with regard to fulfilling his duties as a notary.
Appellee filed an Exception of No Cause of Action which was sustained by the trial court on January 25, 1988. The trial court held that the appellee’s sole duty was to certify that the signature on the last will and testament was authentic. It based this finding on LSA-R.S. 35:2(A)(1) which states as follows:
*347 Notaries public have power within their several parishes ... (b) to receive wills ... [emphasis added]
In determining the meaning of “receive”, the trial court found it to indicate a “passive experience”. Therefore, the appellee’s duty was a purely clerical one, requiring only certification of the signature on the particular document. There is no indication that the decedent asked for or received an opinion as to the validity of the document in question, nor did the appellee draft this document. Most importantly, appellant’s petition does not allege that the above services were requested or rendered.
There is no law in Louisiana which requires a notary to give inspection for legal flaws and guaranty validity of every document which he notarizes when he is hired only in his capacity of a notary and not as a drafter or guarantor of validity of such documents. Further, appellants’ petition does not allege that the appellee breached his duty to ascertain the signature in question as belonging to the appellant’s brother. Nor are the duties of a notary that of an attorney. Succession of Edward Harrison Michel, 225 So.2d 480 (La.App. 4th Cir.1969).
We find that the trial court was correct in concluding that the appellants’ petition for damages failed to state a cause of action recognized in Louisiana.
AFFIRMED.